Present:  Hassell, C.J., Keenan, Koontz, Kinser, Lemons, and Agee, JJ., and Russell, S.J.

FORD MOTOR COMPANY, ET AL.            OPINION BY
                                SENIOR JUSTICE CHARLES S. RUSSELL
v.  Record No. 051769                January 12, 2007

BERTA BENITEZ

            FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                    Jonathan C. Thacher, Judge

    This is an appeal from an order imposing monetary sanctions against an attorney.  The sanctions were imposed because the trial court found that the attorney had filed a pleading asserting affirmative defenses that were not "well grounded in fact" in violation of Code § 8.01-271.1.

    The facts pertinent to the appeal are not in dispute.  In 2002, Berta Benitez filed an action in the trial court against Ford Motor Company (Ford) and Koons Ford, Inc. (Koons)[1] to recover damages for injuries to her eyes caused by a defective air bag that deployed when a car, in which she was a passenger, collided with another vehicle.  Extensive discovery was had in that case, including depositions of witnesses as to the facts of the accident, but the plaintiff suffered a voluntary nonsuit on November 5, 2003, before the case came to trial.

_____

    [1] Ford and Koons are collectively referred to as "the Defendants."

The plaintiff filed this suit on the same cause of action on April 28, 2004. The defendants responded with grounds of defense that contained, among other things, 13 affirmative defenses. These were preceded by the statement: "Ford will rely on the following affirmative defenses, if applicable, and if proved at trial." That was followed by allegations of (1) contributory negligence, (2) assumption of the risk, (3) negligence of third parties, (4) failure to state a cause of action, (5) lack of notice of warranty claims as required by the Uniform Commercial Code, (6) failure to mitigate damages, (7) claim barred by terms of limited warranty, (8) unauthorized misuse or alteration of vehicle by plaintiff or others, (9) failure to comply with terms of warranty, (10) constitutional bars respecting punitive damage claims, (11) bars imposed by the applicable statute of limitations, (12) "all other defenses that may become applicable or available up to and including the time of trial," and (13) "release and/or accord and satisfaction."

The trial court entered a scheduling order setting the case for a jury trial, estimated to last eight days, beginning on November 7, 2005. The order required expert witnesses to be identified 90 days before trial by the plaintiff and 60 days before trial by the defendants. Discovery was to be completed 30 days before trial.

On April 8, 2005, the plaintiff filed a motion to strike the defendants' affirmative defenses on the ground that she had propounded interrogatories, requests for admissions and for the production of any documents that would have provided any factual support for the defenses, and that the defendants had failed to furnish any such factual support for them.

The parties filed memoranda with the trial court and the motion was argued on May 6, 2005. Plaintiff's counsel pointed out to the court that full factual discovery had been completed in the previous action before it was nonsuited, although experts had not been identified by the parties. Plaintiff's counsel also showed to the court an interrogatory propounded to the defendants that asked: "State with particularity all facts upon which you rely for your contention that you are not liable in this action." In their response, the defendants stated, inter alia, that "Plaintiff has also failed to provide any expert disclosures to explain her theory of liability in this case. Without this information, Ford cannot say exactly which affirmative defenses it will continue to pursue."

The trial court then went through the defenses seriatim, asking defense counsel[2] to state what factual basis the

---

[2] Counsel representing the defendants at the hearing was Katherine M. Henry. She advised the court of her belief that

defendants had for asserting them. Counsel responded: "Presently we don't have sufficient information" and argued that the motion to strike the defenses was premature because the cut-off time for discovery had not yet arrived. Defense counsel also pointed out that the affirmative defenses had been asserted "upon information and belief" and had merely been reserved so that they would not be waived.

The trial court granted the plaintiff's motion to strike the defenses of contributory negligence, assumption of the risk, negligence of a third party, failure to mitigate damages, unconstitutionality of the claim for punitive damages, and the statute of limitations. The court reserved for future decision the motion to strike the defenses of release and accord and satisfaction. The court denied the motion to strike the three defenses relating to breach of warranty and denied the motion to strike the defendants' reservation of the right to assert additional defenses that might later become applicable. The defendants withdrew the remaining affirmative defenses.

At the end of the hearing, Plaintiff's counsel moved the court to impose sanctions pursuant to Code § 8.01-271.1 on the

the pleading in question had been drafted by Brian K. Telfair. It was signed, however, only by Robert L. Wise. All three were with the law firm of Bowman and Brooke, LLP, which had represented the defendants in both cases.

4

ground that defense counsel had admitted that there was no known factual basis for the stricken affirmative defenses when asserting them. The court agreed that affirmative defenses 1, 2, 3, 4, 5 and 6 "were completely groundless." In response, defense counsel admitted: "In those defenses there were not sufficient facts."

The issue then became a question of defense counsel's knowledge that the defenses lacked factual support when signing the pleading asserting them. Plaintiff's counsel contended that the defense had obviously known of the lack of factual support because of the discovery the parties had conducted in the original action before it was nonsuited. As an example, plaintiff's counsel referred to the response defense counsel had made, earlier at the same hearing, when the court asked for the factual basis supporting the defense of contributory negligence. The defense had explained its assertion of contributory negligence by arguing that evidence might later become available showing that the plaintiff, a passenger, "could have either been too close or potentially out of position, possibly leaning forward or leaning up against the door" when the car in which she was riding was involved in a collision, causing the air bag to deploy, thus incurring an injury that would not have resulted if she had been sitting in a normal position.

Responding to that argument, Plaintiff's counsel read to the court part of a deposition that had been taken, in the original action before it was nonsuited, of the driver of the car in which the plaintiff had been a passenger at the time of the collision:

> [Q] Now, Berta, was she seated?  You said she was seated normally.  And you gestured to your back. She was back against the seatback?
>
> [A] Yes.
>
> [Q] And her head was leaning back?
>
> [A] Yes.
>
> [Q] And you noticed her in that condition before the impact?
>
> [A] Correct.

Plaintiff's counsel argued that these responses showed that defense counsel had knowledge when signing his pleading that there was no factual support for his plea of contributory negligence in the present case. Plaintiff's counsel stated that he had spent over fifteen hours in preparation for argument on the motion to strike the defenses and asked for an award of attorney's fees in the amount of $200 per hour pursuant to Code § 8.01-271.1.

The court noted that the defense admitted a lack of factual support for six of the affirmative defenses, and

6

also noted the evasive answer the defense had given to the plaintiff's interrogatory asking what factual basis existed for the affirmative defenses. The court found that affirmative defenses 1, 2, 3, 6, 10 and 11 were not grounded in fact when the pleading asserting them was signed, in violation of Code § 8.01-271.1, and awarded sanctions in the amount of $2000 against Robert L. Wise, the attorney for the Defendants who signed it.[3] We awarded the Defendants and Wise an appeal.[4]

## Analysis

Code § 8.01-271.1, enacted in 1987, provides, in pertinent part:

> Every pleading, written motion, and other paper of a party represented by an attorney shall be signed by at least one attorney of record in his individual name . . . .
>
> The signature of an attorney . . . constitutes a certificate by him that (i) he has read the pleading, motion, or other paper, (ii) to the best of his knowledge, information and belief, formed after reasonable inquiry, it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or

---

[3] Wise contends that the quantum of the award is not supported by the record and is not based on a rational standard. Because this argument was never made to the trial court, we will not address it. Rule 5:25.

[4] Although the defendants are nominal parties to this appeal, Wise, as the party aggrieved by the trial court's award of sanctions, joined in the petition for appeal. Briefs amici curiae were filed by the Virginia Association of Defense Attorneys and the Virginia Trial Lawyers Association.

7

reversal of existing law, and (iii) it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

. . . .

If a pleading, motion or other paper is signed or made in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed the paper . . . an appropriate sanction, which may include . . . a reasonable attorney's fee.

Wise argues that the trial court abused its discretion in awarding sanctions and failed to follow the clear wording of the statute. We begin our analysis by examining the relevant statutory provisions. First, it is apparent that the General Assembly had the opportunity to make discretionary a court's imposition of sanctions upon finding a statutory violation, but elected not to do so. Instead, it used the mandatory words "shall impose . . . an appropriate sanction." (Emphasis added.) Nevertheless, we apply an abuse of discretion standard in reviewing a trial court's determination that the statute has been violated. Flora v. Shulmister, 262 Va. 215, 220, 546 S.E.2d 427, 429 (2001).

The reason for applying that standard is that we are usually confronted with a mixed question of law and fact in such cases. Clause (ii) of the second paragraph of

8

Code § 8.01-271.1 provides that an attorney's signature to a pleading has a two-pronged effect:  the attorney certifies that the pleading is well-grounded in fact, to the best of his knowledge, and also that it is warranted by law, or a good faith argument for a change in the law. Indeed, all the cases we have heretofore decided under the statute have involved both prongs of clause (ii). Thus, the trial courts have been required to assess the attorney's (or pro se litigant's) actual knowledge, or lack thereof, concerning the facts, "formed after reasonable inquiry," as well as the legal question whether the challenged pleading is warranted by existing law, or a good-faith argument that the law should be changed.  Such an inquiry into a person's actual state of knowledge in the light of applicable principles of law can seldom present a clear-cut issue of fact, but requires the exercise of sound judicial discretion.

Each of our prior decisions applying Code § 8.01-271.1 turned on such mixed questions of fact and law. See, e.g., Flora, 262 Va. at 220-21, 546 S.E.2d at 429-30 (should autopsy report have been produced under rules of court?); Flippo v. CSC Assocs., 262 Va. 48, 65-66, 547 S.E.2d 216, 227 (2001) (did language used in a letter constitute fraud?); Gilmore v. Finn, 259 Va. 448, 466-67,

9

527 S.E.2d 426, 436 (2000) (was pleading warranted by good faith argument for extension, modification or reversal of existing law?); Oxenham v. Johnson, 241 Va. 281, 287-88, 402 S.E.2d 1, 4 (1991) (did complainant's name on arrest warrant support inference of malice?); Nedrich v. Jones, 245 Va. 465, 471-72, 429 S.E.2d 201, 204 (1993) (was it reasonable to believe pleading warranted by existing law?); County of Prince William v. Rau, 239 Va. 616, 620, 391 S.E.2d 290, 292-93 (1990) (was it reasonable to believe defense warranted by existing law?); Tullidge v. Board of Supervisors, 239 Va. 611, 613-15, 391 S.E.2d 288, 289-90 (1990) (was it reasonable to believe pleading warranted by existing law?).

The present case differs in that the second prong of clause (ii) is not involved. There is no contention here that the affirmative defenses were not warranted by existing law or a good-faith argument for its extension, modification or reversal. Five of the defenses stricken by the court were clearly based on valid principles of existing law and the remaining one, the claimed unconstitutionality of punitive damages, was based on a good-faith argument for the modification or reversal of existing law.

Unlike the cases cited above, this appeal turns upon a single issue: was the pleading well grounded in fact to the best of the knowledge, information and belief of the attorney who signed it, formed after reasonable inquiry? Because defense counsel admitted at the hearing that "[p]resently, we don't have sufficient information," the first part of the issue was conceded. The only question remaining for the trial court's determination was whether defense counsel had knowledge, "formed after reasonable inquiry," when signing the grounds of defense, that there was no factual support for the allegations he made. As to that question, the trial court was not limited to the record in the present case, but could properly consider any relevant and admissible evidence tending to show the attorney's state of knowledge at the time in question.

This case, unlike its predecessors, is an action refiled after the nonsuit of a previous case in which full discovery was taken between the same parties by the same counsel. All information obtained by counsel in that earlier case was known to the attorney who signed the grounds of defense in this case. The evidence of the information defense counsel acquired when deposing the driver of the car in which the plaintiff received her injury was in itself a sufficient basis for a finding

11

that counsel knew, when signing the grounds of defense in the present case, that no factual basis existed for the defenses of contributory negligence or assumption of the risk.  See Oxenham, 241 Va. at 289, 402 S.E.2d at 5. Accordingly, we find no abuse of discretion in the trial court's finding that defense counsel had violated clause (ii) of the second paragraph of the statute.

Wise contends that even if a violation of clause (ii) was shown, there was still no evidence to support a finding that defense counsel had an improper purpose in filing the pleading, such as an intent to harass, delay, or drive up the cost of litigation for the plaintiff, and that there was, therefore, no violation of clause (iii) of the second paragraph of the statute.  That argument is based on the fallacious premise that a violation of all three clauses must be shown before sanctions are mandated.  By clear statutory language, the General Assembly stated the three clauses in the conjunctive. Thus, an attorney's signature to a pleading certifies compliance with all three clauses, and the attorney is subject to sanctions for failure to comply with any one of them.

Wise further contends that the grounds of defense did not really assert the affirmative defenses, but

merely reserved the right to rely on them "if applicable, and if proved at trial." He argues that such a "reservation" was necessary to avoid waiving the defenses, because facts might later be found to support them. That argument ignores the fundamental purpose of pleadings in judicial proceedings: to "inform[] the opposite party of the true nature of the claim or defense." See Rule 1:4(d). "The purpose of a defensive pleading is to inform the opposite party, and to permit the court to determine, what is the true nature of the defense." Lumbermen's Mut. Cas. Co. v. Hodge, 205 Va. 36, 39, 135 S.E.2d 187, 189 (1964) (emphasis added). A pleading that puts the opposing party to the burden of preparing to meet claims and defenses the pleader knows to have no basis in fact is oppressive. It constitutes an abuse of the pleading process and results in the wrong that Code § 8.01-271.1 was enacted to prevent.

That wrong is not dispelled by couching the pleading in language that merely threatens the use of the unsupported claim if it should later become available. The opposing party must still shoulder the burden of preparing to meet it. The remedy for a party who hopes that evidence may later come to light in support of a claim or defense is to move to amend his pleadings when

such evidence becomes available.  "Leave to amend shall be liberally granted in furtherance of the ends of justice."  Rule 1:8.  That rule takes into account that new evidence may come to light during discovery, warranting the assertion of new claims or defenses.  A motion to amend gives the opposing party notice of the claimed factual basis for the newly-asserted claim or defense and an opportunity to prepare to meet it.  It is true that amendments are not a matter of right, but a trial court's decision refusing leave to amend after a showing of good cause is, in ordinary circumstances, an abuse of discretion.  See Mortarino v. Consultant Eng'g Servs., 251 Va. 289, 295-96, 467 S.E.2d 778, 782 (1996).[5]

Wise argues that it was premature for the trial court to rule on the plaintiff's motion before the cut-off date for discovery had arrived in the present case.  That argument begs the question.  The issue before the trial court was the information defense counsel had at

---

[5] The trial court stated to counsel:  "I can not imagine a single judge in this court [who wouldn't rule] that if you develop through discovery facts that would support one of those defenses, you can move to amend."  The trial court denied the motion to strike the defendants' affirmative defense 12, which stated "Ford reserves the right to rely upon all other defenses that may become applicable or available," saying, "I think you have a right to reserve those.  And if it comes to a factual basis, then you can ask to amend."

14

the time he signed the grounds of defense, not what information might come to light thereafter.

In *Flippo*, 262 Va. at 65-66, 547 S.E.2d at 227, we pointed out that in applying an abuse of discretion standard to a trial court's award of sanctions under Code § 8.01-271.1, we use an "objective standard of reasonableness in determining whether a litigant and his attorney, after reasonable inquiry, could have formed a reasonable belief that the pleading was well grounded in fact."

Such an objective standard of reasonableness requires consideration of several factors. As an example, if a plaintiff employs an attorney near the deadline of the statute of limitations, the attorney may have no alternative except reliance on the information his client imparts to him when preparing a last-minute pleading. Similarly, a defendant may come to counsel at the last minute, leaving counsel no alternative but reliance on his client's account if a responsive pleading is to be filed in time to avoid default. The present case, however, is not of that kind, and in any event, Rule 1:8, as quoted above, permits amendment of the pleading in furtherance of the ends of justice if and when counsel acquires more complete information.

15

The foregoing examples are not an exhaustive list, but they serve to show why an objective standard of reasonableness must be applied to the question whether the attorney "after reasonable inquiry, could have formed a reasonable belief that the pleading was well grounded in fact."  In no event may counsel file a pleading he knows to be unfounded in fact.

## Conclusion

We find no abuse of discretion in the trial court's decision, and therefore will affirm the judgment appealed from.

<u>Affirmed.</u>