# CIRCUIT COURT OF THE CITY OF CHARLOTTESVILLE

Isaiah Lester,
Administrator of
the Estate of
Jessica Lynn Scott Lester,
deceased

v.

Allied Concrete Co.
and William Donald Sprouse

Case No. CL08-150

Isaiah Lester

v.

Allied Concrete Co.
and William Donald Sprouse

Case No. CL09-223

June 28, 2010

BY JUDGE EDWARD L. HOGSHIRE

This cause came on the 27th day of May 2010 for hearing on Defendants' Motion for Sanctions and Motion to Strike. Upon consideration of the representations and arguments of counsel for all parties and after review of the Motion with accompanying exhibits, Plaintiff's Opposition thereto and accompanying exhibits, and Defendants'

Reply and accompanying exhibits, the Court hereby renders the following Findings and Conclusions.

## Findings of Fact

During a hearing on March 3, 2010, on Defendants' Second Motion for Continuance, Plaintiff's counsel, Matthew B. Murray, Esq., maintained that Defense counsel, David Tafuri, Esq., had "hacked" into Mr. Lester's Facebook account or had otherwise accessed the account without permission. (Hr'g Tr. 39:4-9; 40:25, 42:13-15, 85:20, March 3, 2010.) Mr. Murray stated that he intended to use the word "hack" to be synonymous with "no-permission access." (Hr'g Tr. 85:18-21.) Mr. Murray offered this evidence to the Court in support of his argument that the Defendants' Second Motion for Continuance should be denied.

In response to the Court's question with regard to the basis for his claim, Mr. Murray stated that the evidence for his claim constituted the photograph attached to the Defendants' Request for Production of March 25, 2009. (Hr'g Tr. 39:25–40:2.)

During the hearing, Mr. Murray told the Court that he did not know how Defense counsel had accessed the account (Hr'g Tr. 40:5-6), but that he "assumed" the account had been "hacked." (Hr'g Tr. 39:4-6, 40:25.) Mr. Murray stated further that he and his client "assumed" that opposing counsel "had" the Facebook page and that "the only purpose of the request for production was to legitimize that which they had acquired without permission." (Hr'g Tr. 39:6-9.)[1] At the hearing, Mr. Murray repeatedly acknowledged that he had no familiarity with Facebook prior to the proceedings of this case. (Hr'g Tr. 37:13-16, 60:24-25.)

On November 13, 2009, Defense counsel, Mr. Tafuri, informed Mr. Murray that the Plaintiff had sent Mr. Tafuri a Facebook message on January 9, 2009. (Ex. B, C to Defs.' Reply to Pl.'s Opp'n to Defs.' Mot. for Sanctions and Mot. to Strike, May 26, 2010; Hr'g Tr. 79:9-80:7.)

Mr. Tafuri's facsimile correspondence with Mr. Murray on November 13, 2009, confirmed a telephone conversation between Mr. Tafuri and Mr. Murray during which Mr. Murray had asked whether Mr.

---

[1] During an exchange between the Court and Plaintiff's counsel at the March 3, 2010, hearing, Mr. Murray also accused Mr. Tafuri of having "lied" to Judge Sheridan with regard to previous mediation proceedings and of having misrepresented facts to Mr. Murray himself during the mediation proceedings (Hr'g Tr. 58:8-17; 59:11-12), accusations which the Motion for Sanctions in question does not address.

456

Lester had sent a Facebook message to Defense counsel, since the Plaintiff remembered sending such a message. (Ex. B to Defs.' Reply.) On December 14, 2009, Mr. Tafuri sent Mr. Murray a copy of the Facebook "message" of January 9, 2009, via facsimile and certified mail. (Ex. C to Defs.' Reply.)

On February 23, 2010, John Zunka, Esq., counsel for Defendant, sent Mr. Murray a letter referring Mr. Murray to copies of the correspondence on November 13, 2009, and December 14, 2009, reiterating the basis for Mr. Tafuri's access to the photograph in question, and referencing the relevant Facebook privacy rule in effect on January 9, 2009. (Ex. E to Defs.' Mot. for Sanctions and Mot. to Strike, March 2, 2010.)

In an e-mail dated February 24, 2010, Mr. Murray declined to comply with Defense counsels' requests to strike Mr. Tafuri from the Plaintiff's witness list and to retract the "hacking" comment. (Ex. 1 to Pl.'s Opp'n to Defs.' Mot. for Sanctions and Mot. to Strike, May 20, 2010.)

On February 25, 2010, Mr. Tafuri sent an e-mail to Mr. Murray notifying him that Defense counsel would file a Motion for Sanctions if Mr. Murray did not comply with the requests contained in Mr. Zunka's February 23, 2010, letter based on Defense counsel's explanations therein. (Ex. G to Defs.' Mot. for Sanctions.)

At the hearing on March 3, 2010, Mr. Murray said that he first learned of his client's Facebook "message" during the hearing on February 8, 2010. (Hr'g Tr. 41:21-42:6.)

In the Plaintiff's Responses to the Defendant William D. Sprouse's Fifth Request for Production of Documents (Defendant Allied Concrete's Sixth Request), dated May 10, 2010, signed by Mr. Murray, the Plaintiff twice asserted that Mr. Tafuri had made "unauthorized access" to the Plaintiff's Facebook account. (Ex. B to Defs.' Reply.)

In the Plaintiff's Responses to Defendant William D. Sprouse's Second Request for Production of Documents (Allied Concrete's Third Request), dated May 10, 2010, signed by Mr. Murray, the Plaintiff referred to "unauthorized access" of his Facebook account on five separate occasions. (Ex. C to Defs.' Reply.)

Mr. Murray has since offered the Affidavit of Mr. Lester, stating that, based on Mr. Lester's understanding, the Facebook contract did not grant Mr. Tafuri access to the account, as evidence for his claim of unauthorized access. (Ex. 1 to Pl.'s Opp'n.) Aside from the photograph in question and the Plaintiff's bare assertion that he believed his account had been accessed without permission, Mr. Murray has presented no evidence

to the Court as the basis for the claim of unauthorized access. During the hearing on May 27, 2010, with regard to sanctions, Plaintiffs' counsel did not address Facebook's default privacy settings or counsel's inquiry into any such matters.

Mr. Murray argues that "hacking" is not a crime (Pl.'s Opp'n 2-3), that he did not intend the word "hacking" to be used to accuse Defense counsel of a crime ((Pl.'s Opp'n 3; Hr'g Tr. 85:17-20), and that therefore "no harm to any reputation has been done and none can be claimed" (Pl.'s Opp'n 4). To support the argument that "hacking is not a crime," Plaintiff's counsel has offered an article from www.wisegeek.com entitled, *What Is Computer Hacking?*, and thirteen pages of user comments discussing the article and computer "hacking" generally. (Ex. 2 to Pl.'s Opp'n to Defs.' Mot. for Sanctions.)

If Mr. Murray and Mr. Tafuri, in fact, discussed Mr. Lester's Facebook "message" to Mr. Tafuri on or around November 13, 2009, Mr. Murray would have had approximately three and a half months before the hearing on March 3, 2010, during which he could have investigated his "unauthorized access" or "hacking" claims. Even if Mr. Murray did not, as he said during the hearing, learn of his client's Facebook "message" until February 8, 2010, he would have had approximately one month before the hearing on March 3, 2010, during which he could have investigated his "unauthorized access" or "hacking" claims.

*Conclusions of Law*

A. *Rule 3.3 of the Virginia State Bar Rules of Professional Conduct: Candor Toward the Tribunal*

Rule 3:3(a) of the Virginia State Bar Rules of Professional Conduct, Candor Toward the Tribunal, prohibits the attorney from "knowingly: (1) mak[ing] a false statement of fact or law to a tribunal … and (4) offer[ing] evidence that the lawyer knows to be false." Va. Sup. Ct. R. Pt. 6, § II, 3.3 (2010). Under Rule 3.3(a)(4) the attorney must take reasonable remedial measures if he or she learns of such false material evidence in order to stay in compliance with the Rule. *Id.*

Comment three to Rule 3:3 indicates that this rule is an exception to the general rule that attorneys need not have personal knowledge of matters asserted in documents prepared for litigation. *Id.* at Cmt. 3. Comment three points out that, under Virginia Code § 8.01-271.1 (1950 & Supp. 2008), the lawyer's signature on a pleading is a certification that,

after reasonable inquiry, the lawyer believes that there is a factual and legal basis for the pleading, and also that "an assertion purporting to be on the lawyer's own knowledge, as in … a statement in open court, may properly be made only when the lawyer knows the assertion is true or believes it to be true on the basis of a reasonably diligent inquiry." *Id.*

B. *Rule 4:1(g) of the Virginia Supreme Court; Sanctions for Violations of Certification Requirements During Pretrial Discovery*

Va. Code § 8.01-271.1 provides the model for Supreme Court Rule 4:1, which governs sanctions for violations of the Supreme Court of Virginia's discovery rules. Sup. Ct. R. 4:1 (2008). Under 4:1(g), the attorney's signature on any response is a certification that the attorney has read the response, and that:

> [O]n the best of the signer's knowledge, information, and belief formed after a reasonable inquiry it is: (1) consistent with these Rules and warranted by existing law … (2) not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation; and (3) not unreasonable or unduly burdensome or expensive. . . .

*Id.* at Rule 4:1(g).

Though literally "other papers" falls within the ambit of Va. Code § 8.01-271.1, certification requirements for discovery papers should be governed by new Rule 4:1(g), the specific provision for pretrial discovery.

C. *Virginia Code § 8.01-271.1 Sanctions*

Under Va. Code § 8.01-271.1, an attorney's signature on pleadings, motions, and other paper of represented parties:

> [C]onstitutes a certificate by him that (i) he has read the pleading, motion, or other paper, (ii) to the best of his knowledge, information, and belief, formed after a reasonable inquiry, it is well grounded in fact and is warranted by existing law … and (iii) it is not interposed for any improper

purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

Va. Code § 8.01-271.1.

Further, under this Section an oral motion made by an attorney in court:

> [C]onstitutes a representation by him that (i) to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law ... and (ii) it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

*Id.*

Virginia Code § 8.01-271.1 provides the basis for sanctions such as attorney's fees against a party litigant or counsel when *oral motions* are made in violation of that section. *Obrist v. Lantz*, 73 Va. Cir. 80, 82 (2007) (deciding that a party litigant who disregarded the advice of counsel and insisted on making a motion in open court for improper purposes should be sanctioned under Va. Code § 8.01-271.1).

For violations of this Rule, the court:

> [S]hall impose upon the person who signed the paper or made the motion, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the ... motion ... including a reasonable attorney's fee.

*Id.*

Va. Code § 8.01-271 correlates the Code of Virginia with the Rules of the Virginia Supreme Court by making clear that pleadings must be in accordance with the court rules, but "[s]ubject to the provisions of this title. . . ." Va. Code § 8.01-271. Therefore, though generally the court rules govern pleadings, the Code will generally provide the more specific rules with which attorneys and parties must comply when the rules and enactments are in conflict. *Id.*

Rule 4:1(g) remains undeveloped in case law, but since Va. Code § 8.01-271.1 is virtually identical to the Supreme Court Rule, cases

construing the Code's sanction provision should provide insight into the scope of the Rule. However, even if Rule 4:1(g) does not control the disposition of this case, the mandatory language of Va. Code § 8.01-271.1 requires the court to impose sanctions when an attorney makes a certification in violation of the certification requirements. Va. Code § 8.01-271.1. Further, should there be any variance between a General Assembly enactment under the Code and a Supreme Court rule, the variance must be construed to give effect to the enactment over the rule. Va. Code § 8.01-3.

An attorney's conduct should be judged on an objective standard of reasonableness as to whether a reasonable inquiry was made such that the attorney could have formed a reasonable belief that a response to a request for production of documents was well grounded in fact and warranted under existing law. Va. Code § 8.01-271.1; *Flora v. Shulmister*, 262 Va. 215, 220, 546 S.E.2d 427, 429 (2001); *Tullidge v. Board of Supervisors of Augusta County*, 239 Va. 611, 614, 391 S.E.2d 288, 289–90 (1990) (whether the "warranted by existing law" portion of Va. Code § 8.01-271.1 has been violated should be determined on an objective standard of reasonableness).

In *Flora*, the Supreme Court of Virginia found that the circuit court had abused its discretion in imposing sanctions against an attorney when the attorney in question could have formed a reasonable belief that she was in compliance with the court rules and the court's scheduling order (with regard to the "warranted by existing law" portion of Va. Code § 8.01-271.1). *Flora*, 262 Va. at 221, 223, 546 S.E.2d at 430–31.

Even if the pleadings, motions, or other papers meet the requirement that the certified document is warranted by existing law, each pleading, motion, or other paper must be well grounded in fact based on the best of the attorney's knowledge, information, and belief formed after a reasonable inquiry. *Ford Motor Co. v. Benitez*, 273 Va. 242, 250–51, 639 S.E.2d 203, 207 (2007). The trial court may consider any relevant and admissible evidence tending to show the attorney's knowledge at the time in question. *Id.* at 251, 639 S.E.2d at 207.

In *Ford Motor*, the Supreme Court of Virginia upheld a trial court's finding that defense counsel had violated the "well grounded in fact" requirement of Va. Code § 8.01-271.1 with regard to defensive pleadings, when the attorney admitted at a subsequent hearing that he did not have sufficient information on which to base his pleadings at the time of the hearing. *Id.* The Supreme Court of Virginia further found that the trial court did not abuse its discretion in determining that the attorney had

violated the "reasonable inquiry" requirement as to whether the pleading was "well grounded in fact" under Va. Code § 8.01-271.1 when, based on defense counsel's deposition of the plaintiff, no factual basis existed for the pleadings signed by defense counsel. A violation of any of the certifications of Va. Code § 8.01-271.1 must result in a sanction, so an attorney need not also violate (iii), that the motion, pleading, or other paper has not been "interposed for any improper purpose." *Id.*

However, "contemptuous language and distorted representations in a pleading never serve a proper purpose and inherently render that pleading as one 'interposed for [an] improper purpose,' within the meaning of clause (iii) of the second paragraph of Code § 8.01-271.1." *Williams & Connolly, L.L.P. v. People for the Ethical Treatment of Animals, Inc.*, 273 Va. 498, 519, 643 S.E.2d 136, 146 (2007).

## D. *No-Authority Access to Computer Files*

Limiting a claim of computer misuse to "unauthorized access" or "no-permission access" of a computer account does not preclude the possibility of an allegation of conduct that could result in criminal liability, but rather is an essential element required for many causes of action for computer crimes in Virginia.

a. The Virginia Computer Crimes Act, Va. Code §§ 18.2-152.1 *et seq.*, defines "without authority," such that a person acts without authority "when he knows or reasonably should know that he has no right, agreement, or permission or acts in a manner knowingly exceeding such right, agreement, or permission." Va. Code § 18.2-152.2.

b. Under the Virginia Computer Crimes Act, Computer Fraud is defined as use of a computer or computer network without authority to either obtain property or services by false pretenses, embezzle or commit larceny, or convert the property of another. Va. Code § 18.2-152.3. Under the Virginia Computer Crimes Act, acting "without authority" is also an element of the crimes of Computer Invasion of Privacy, Va. Code § 18.2-152.5, and Theft of Computer Services, § 18.2-152.5.

Similarly, under the federal Computer Fraud and Abuse Act, 18 U.S.C. § 1030, the ability to charge a person with a violation of the Act often turns on whether that person has acted "without authority." *See* 18 U.S.C. § 1030(a)(1), Obtaining National Security Information; 18 U.S.C. § 1030(a)(2), Compromising Confidentiality; 18 U.S.C. § 1030(a)(4), Accessing to Defraud and Obtain Value; 18 U.S.C. § 1030(a)(5)(A)(ii),

462

Damaging Without Authorization; 18 U.S.C. § 1030(a)(5)(A)(iii), Intentionally Accessing and Causing Damage. 18 U.S.C. § 1030.

Reasonable inquiry by Plaintiff's counsel would have revealed that there was no reasonable ground for such charges based on the facts available to him.

Plaintiff's counsel violated Rule 3:3(a) of the Virginia State Bar Rules of Professional Conduct and § 8.01-271.1 of the Code of Virginia by maintaining and certifying the accusation that Defense counsel "hacked into" and/or made unauthorized access to Plaintiff's Facebook account during the hearing in open court on March 3, 2010, based on no inquiry into the relevant facts beyond the bare, unsubstantiated assertions of his client.

Plaintiff's counsel violated Rule 4:1(g) of the Rules of the Supreme Court of Virginia and § 8.01-271.1 of the Code of Virginia by maintaining and certifying the false accusation that Defense counsel "hacked into" and/or made unauthorized access to Plaintiff's Facebook account in the May 10, 2010, Responses to Defense counsel's Requests for Production of Documents based on substantial inquiry into the relevant facts.

Therefore, the court hereby orders the following.

Defense counsel, David M. Tafuri, by agreement of Plaintiff's counsel in open court, is stricken from Plaintiff's Witness list.

Plaintiff's counsel is ordered to pay reasonable costs and attorneys' fees incurred by Defendants in drafting and filing the Motion for Sanctions and Motion to Strike, drafting and filing the Reply brief, and attending the hearing on May 27, 2010. Within seven days of the issuance of this Order, Defense counsel will submit an affidavit and schedule of the reasonable fees and costs incurred. Plaintiff's counsel will have seven days from the filing of this affidavit and schedule to submit any objections to Defense counsel's schedule of fees and costs.

Objections of counsel are noted for the reasons stated in their argument and memoranda filed with the Court. Endorsements of counsel are dispensed with pursuant to Rule 1:13 of the Supreme Court of Virginia. The clerk is directed to send a copy of these Findings of Fact and Conclusions of Law to all counsel of record.