## CIRCUIT COURT OF FAIRFAX COUNTY

Patrick E. Minix
and Beth A. Minix

v.

Wells Fargo Bank et al.

August 24, 2010

Case No. CL 2009-12067

By Judge Jonathan C. Thacher

This matter comes to the Court on Defendants Merrill Lynch Credit Corporation, Merrill Lynch 2004-1 Trust, Wells Fargo Bank, N.A., PHH Mortgage Corporation, Cendant Mortgage Corporation, and Samuel I. White, P.C.'s (collectively referred to as "Defendants") Motion for Sanctions and on Plaintiffs Patrick E. Minix and Beth A. Minix's (collectively referred to as "Plaintiffs") Motion to Withdraw their Nonsuit and for Leave to File an Amended Complaint. Upon considering the pleadings, the arguments of counsel, and the applicable governing authorities, the Court denies Plaintiffs' Motion to Withdraw Nonsuit and for Leave to File an Amended Complaint and grants Defendants' Motions for Sanctions.

*Factual Background*

On August 28, 2009, Mr. Christopher Brown acting on behalf of Plaintiffs, filed the Complaint, which alleged that Plaintiffs had been wrongly evicted from their home. The Complaint included counts for (1) Violation of the Fair Debt Collection Practices Act, (2) a Declaratory Judgment, (3) Breach of Fiduciary Duty, (4) Quiet Title, (5) an Injunction, (6) Fraud, (7) Conspiracy, and (8) violations of Plaintiffs due process rights under the Constitution of the United States and the Constitution of the Commonwealth of Virginia.

To support their claim, Plaintiffs alleged that Defendants acted on such grounds given that "it seems [as though] certain loan servicers deliberately try to place a loan in default when a given property is identified as being in a `high income/high net worth/high property value' area, and the property is perceived as having `high equity'." The Complaint referenced numerous documents including the Deed of Trust, Note, Loan Application, the correspondence allegedly in violation of the Fair Debt Collections Practices Act, and correspondence from Mr. Brown to Defendants regarding the servicing issues. Plaintiffs did not attach any documents to their Complaint.

Defendants filed a motion craving oyer, which the Court granted with respect to all documents listed above. Plaintiffs were required to file an amended complaint attaching all of the documents by February 29, 2010. Plaintiffs failed to do so.

Defendants then demurred to all eight counts of the Complaint. Defendants allege that this Complaint, as well as the others like it filed by Brown in previous cases, is being filed with an improper purpose. Specifically, they assert that the true purpose of the lawsuit is to allow Plaintiffs to stay in the foreclosed properties for several months after the foreclosure sale. Defendants claimed that the Complaint lacked merit and that it was filed for the purpose of harassing Defendants and causing unnecessary delay and needless increase in the cost of litigation. Plaintiffs were required to file a response to the memorandum by February 26, 2010, in support of the demurrer filed by the Defendants. Again, Plaintiffs failed to file any response. Instead, Plaintiffs took a voluntary nonsuit, as is their right. Defendants filed this Motion for Sanctions against the attorneys of Brown, Brown, & Brown pursuant to Va. Code § 8.01-271.1 ("the Statute").

At the hearing on the sanctions motion, Defendants highlighted multiple cases involving Mr. Brown's firm, which were nearly identical to the Complaint of this case. Furthermore, each of the mentioned cases was decided against the party represented by Mr. Brown's firm.

Arguing on behalf of Plaintiffs and Brown, Brown, & Brown, Michael Smith made several remarkable concessions. He admitted that counsel lacked knowledge of direct evidence to support their conspiracy in the period before the lawsuit was filed. He also acknowledged that counsel intended to use discovery to flesh out a factual basis for the claims.

At the conclusion of the hearing, the Court took the motion under advisement and suspended the Order of Nonsuit. Before the Court could issue its decision, however, Plaintiffs brought their Motion to Withdraw Notice of Nonsuit and for Leave to Amend Complaint.

At the hearing on this motion, counsel for Plaintiffs argued that they should be allowed to withdraw their nonsuit because the Order was still within the breast of the Court, as it had been suspended pending the consideration of Defendants' Motion for Sanctions. They further contend

— without citing a single legal authority — that sanctions would only be appropriate if Defendants can establish that the foreclosure at issue in this case was appropriate at a jury trial.

*Analysis*

A. *Withdrawal of Nonsuit*

A plaintiff may take one nonsuit on case as a matter of right. Va. Code Ann. § 8.01-380. Once a nonsuit is taken, the Court has jurisdiction over the matter to modify, vacate, or suspend the order for twenty-one days after the entry of the order. *Williamsburg Peking Corp. v. Xianchin Kong*, 270 Va. 350, 354, 619 S.E.2d 100 (2005). Plaintiffs have no right to withdraw a nonsuit; instead, they have a right to move the trial court to permit withdrawal. *Nash v. Jewell*, 227 Va. 230, 237, 315 S.E.2d 825 (Va. 1984). "The granting or denial of the motion is a matter for the trial court to determine in the exercise of judicial discretion." *Id.*

In this case, Plaintiffs took a voluntary nonsuit on March 5, 2010, the day that the demurrer was supposed to be heard by the Court. The nonsuit was suspended by order of the Court on March 26, 2010. The Court declines to let Plaintiffs withdraw the nonsuit at this point. The Court agrees with Defendants that, based upon Plaintiffs' own brief in support of their motion, this appears to be an attempt to avoid the Motion for Sanctions. The Court declines to allow Plaintiffs to use this procedural device to dodge the issue of whether counsel's actions violated the Statute. Moreover, Defendants and the Court have taken actions in reliance on the nonsuit. The demurrer was removed from the Court's docket because of the nonsuit. If the Court were to grant this motion, then Plaintiffs would be permitted to unilaterally put a halt to proceedings an indefinite number of times, as a withdrawn nonsuit would not count as the one nonsuit taken as a matter of right under Va. Code § 8.01-380. Finally, Plaintiffs will not be unfairly prejudiced by the denial of the motion because they may re-file a new complaint when the order is final. Plaintiffs' Motion to Withdraw Notice of Nonsuit and for Leave to Amend Complaint is denied.

B. *Sanctions*

The Statute creates a dual responsibility by an attorney who signs a pleading. The attorney must indeed certify that the pleading is thoroughly based in fact to the best of his knowledge. *Ford Motor Co. v. Benitez*, 273 Va. 242, 250, 639 S.E.2d 203, 206 (2007). Virginia attorneys are also required to certify that their claim is well-grounded in fact and that it is warranted by law or a good faith argument for a modification in the law. *Id.* Furthermore, Virginia courts are required to sanction attorneys who have violated the statute. *Id.*

The Court is convinced by Mr. Smith's own admissions at the sanctions hearing that the causes of action alleged in the Complaint have no apparent basis in law or fact. The Complaint alleges that the foreclosing entity did not have the right or authority to enforce their liens on the property. However, this is directly contrary to Va. Code § 55-59 which states that the holder of a note secured by a deed of trust "shall have the right and power to appoint a substitute trustee or trustees for any reason. . . ." Also, Va. Code § 55-60.01 clearly allows the assignment of debt. Plaintiff's allegations that the trustee committed a breach of fiduciary duty are meritless.

Additionally, the allegations of fraud violated the Statute. Plaintiffs do not allege that they were misled or relied upon any misrepresentations or that the alleged misrepresentations were material. To the contrary, Plaintiffs make no allegations regarding any misrepresentations made to them and fail to identify the identity of the agents and officers who purportedly made the representation. The failings of the complaint rise above a simple failure to state a cause of action which is susceptible to a demurrer. Instead, the Court is convinced, after thoroughly reviewing the pleadings and after considering the arguments of counsel, that there was no proper basis in law or fact for the fraud count. As a result, counsel violated the Statute.

The conspiracy allegations are equally frivolous. Indeed, Mr. Smith admitted at the hearing that neither counsel nor their clients possessed personal knowledge of facts to support a conspiracy claim when the lawsuit was filed. Instead they hoped to "flesh out" suspicions of conspiracies using the discovery process. This is another clear example of a violation of the Statute.

The constitutional arguments claiming due process violations also have no basis in existing law. Moreover, they do not form a good faith basis for the extension of current law. Instead the Court finds the argument quite frivolous.

Defendants have brought multiple cases to the Court's attention that involved the Brown firm, which are nearly identical to this Complaint, each of which were decided against Mr. Browns' clients. These cases also involved claims for declaratory judgment, quiet title, breach of fiduciary duty, and illegal gambling. In one of those cases, *Aviles-Wynkoop v. HSBC Bank USA, N.A., et al.*, CL 2009-10645 (Fairfax Cir. Feb. 19, 2010), Judge White explicitly relied on the reasoning of Judge Trenga in the case, *Horvath v. Bank of N.Y.*, Civ. No. 1:09-cv-1129 (E.D. Va. Jan. 29, 2010), in sustaining the demurrer with prejudice as to all counts. Judge Trenga clearly addresses the issue in the instant case when he stated:

> I find that facts are not pled which would support a cause of action as to any of the counts alleged. Conclusory statements only are included in the complaint, and no factual basis is pled which supports those. I further find no authority for

Plaintiffs position with regards to each of those from a legal standpoint. I don't find that the Court should be creating a judicial foreclosure procedure when the legislature has mandated a non-judicial procedure to be appropriate. I don't find anything alleged that shows that there was anything done improperly in the course of the foreclosure.

*Horvath v. Bank of N.Y., N.A.*, 2010 U.S. Dist. LEXIS 19965 (E.D. Va. Jan. 29, 2010).

Mr. Brown has had his opportunity to have his novel theories be heard. Nevertheless, the Court is convinced, based upon the pleadings filed by counsel and the arguments of counsel at both the hearings on this matter, that Mr. Brown and his firm continue to propound the same arguments in materially identical proceedings for the improper purpose of delaying his clients' eviction from their former homes to the detriment of judicial efficiency and all other parties involved. Overall, the Court finds that the Complaint in this case lacks merit and was filed with the purpose of harassing the Defendants and causing unnecessary delay and needless increase in the cost of litigation. Moreover, Mr. Brown filed a lawsuit which lacked a proper basis is either law or fact and he failed to attach any documents supporting the Complaint and caused the Defendants to expend legal fees in an action that Plaintiffs did not have the intention of pursuing. These actions violate the Statute.

Finding that Mr. Brown has violated the Statute, the Court must impose an appropriate sanction, which may include the other party's costs and their reasonable attorney's fees. Va. Code § 8.01-271.1. The Court thoroughly reviewed the Affidavit of Defendants' attorney, Mark A. Moorstein, and the billing records attached to the Affidavit. The Court finds that Defendants incurred $9,885.00 in reasonable attorney's fees as a direct result of the improperly filed Complaint. The Court will assess this amount against Mr. Brown, as the attorney who signed the complaint, as sanctions for violating the Statute. These fees shall be paid by September 18, 2010.

The Court notes that the sanction of costs and attorney's fees is only one possible method in which the Court may sanction a party who violates the Statute. The Court has considered other options for sanctions in addition to the reasonable attorney's fees of Defendants, such as the requirement that Plaintiff's counsel be required to pay a sum to the clerk of court. While the Court has decided that such a sanction is not appropriate in this case, the Court also hopes that counsel fully understands that sanctions are not to be taken lightly. This is not the first occasion on which counsel has been sanctioned for a violation of the Statute in similar litigation. Sanctions should not be viewed by attorneys simply as a cost of doing business. If sanctions are not deterring counsel from filing improper pleadings, then they clearly are lacking in severity.