COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Judges Frank, Huff and Senior Judge Haley


EDWINA M. ROGERS

                                                      MEMORANDUM OPINION[*]
v.        Record No. 1562-13-4                              PER CURIAM
                                                        JANUARY 28, 2014
EDWARD M. ROGERS


FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Jane Marum Roush, Judge

(Robert L. Vaughn, Jr.; O'Connor & Vaughn, LLC, on brief), for
appellant.

(Joseph A. Condo; Ryan M. Witkowski; The Condo Law Group,
P.C., on brief), for appellee.


        Edwina M. Rogers (mother) appeals an order awarding attorney's fees and sanctions to

Edward M. Rogers (father).  Mother argues that the trial court erred by (1) awarding attorney's fees

to father; (2) awarding sanctions to father; and (3) granting affirmative relief to father, "who had not

requested such relief in any pleading, after the close of evidence, in chambers, and which relief was

opposed" by mother.  Upon reviewing the record and briefs of the parties, we conclude that this

appeal is without merit.  Accordingly, we summarily affirm the decision of the trial court.  See

Rule 5A:27.

                                    BACKGROUND

        Mother and father have two children.  On January 17, 2013, the trial court entered a

custody and visitation order, which awarded sole legal and physical custody of the minor

children to father, with specific visitation to mother.

_____
        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Pursuant to the order, on February 4, 2013, mother notified father of her summer vacation dates, which included August 4 through August 18. Mother arranged to take the children to Hawaii between August 12 and August 17.

On May 8, 2013, father informed mother that the parties' son was enrolling in a boarding school, and orientation was scheduled for August 17. Father asked to pick up the parties' son early from his visitation with his mother. The parties could not agree on a date when father would pick up the child and whether mother would be allowed to have additional time with the child in order to make up her missed visitation time.

In June 2013, father filed a "Motion to Direct Transfer of Child" and asked the trial court to order mother to transfer the child to him on August 15, or August 12, if she intended to take her previously-planned vacation. Mother filed a response and a motion to enjoin father from interfering with her visitation rights, or in the alternative, to modify custody. Father filed a response to mother's motion to enjoin and argued that it was contrary to the trial court's ruling in January 2013.

On July 18, 2013, the trial court heard evidence and argument on the pending motions. It granted father's motion and ordered that mother transfer the child to father on August 12, prior to her departure for vacation. It denied mother's motion to modify custody and amended the visitation schedule to address the child's attendance at boarding school. It awarded father $16,039.40 in attorney's fees and assessed $2,500 in sanctions against mother. The trial court entered an order memorializing its rulings on July 18, 2013. This appeal followed.

ANALYSIS

*Assignment of error 1 - Attorney's fees*

Mother argues that that the trial court erred in awarding attorney's fees to father.[1]

"'[A]n award of attorney's fees is a matter submitted to the trial court's sound discretion and is reviewable on appeal only for an abuse of discretion.'" Richardson v. Richardson, 30 Va. App. 341, 351, 516 S.E.2d 726, 731 (1999) (quoting Graves v. Graves, 4 Va. App. 326, 333, 357 S.E.2d 554, 558 (1987)). "[T]he key to a proper award of counsel fees [is] reasonableness under all of the circumstances revealed by the record." McGinnis v. McGinnis, 1 Va. App. 272, 277, 338 S.E.2d 159, 162 (1985).

Father presented evidence that he incurred $16,039.40 in attorney's fees and costs. Mother did not object to the admission of the attorney's fee affidavit.[2] Mother had an opportunity to cross-examine father on the attorney's fee affidavit, but did not do so. She did not argue in her closing argument that the fees were unreasonable.

The hearing on July 18, 2013 occurred because the parties could not agree on the date when father would resume custody of the parties' son to take him to boarding school. Furthermore, mother sought modification of the custody and visitation arrangements as a result of the change in schools. The trial court granted father's request for mother to transfer the

---

[1] On appeal, mother raises several arguments regarding the attorney's fees award in her appeal, which she did not raise at the trial court level. For example, she argues that the trial court did not examine the fees, namely charges for ten hours for two attorneys to attend a three-hour hearing and 4.4 hours for a letter to mother's counsel, which counsel did not receive. Since mother did not raise these issues below, the Court will not consider these arguments. See Rule 5A:18.

[2] Mother's counsel objected to father testifying that the fees were reasonable. However, the trial court overruled the objection by stating that both parties could testify about the reasonableness of attorney's fees. The trial court did not err in allowing father to testify about the reasonableness of the fees.

parties' son prior to her departure for vacation and denied her motion to modify custody. It further held that mother's motion to enjoin was "not well-grounded in fact."

Considering the record in this case, the trial court did not abuse its discretion in awarding attorney's fees and costs to father in the amount of $16,039.40.

*Assignment of error 2 – Sanctions*

Mother argues that the trial court abused its discretion in awarding $2,500 in sanctions to father. Mother contends the trial court erred in concluding that her motion to enjoin was "not well-grounded in fact."

"[W]e apply an abuse-of-discretion standard in reviewing a trial court's award or denial of a sanction." Oxenham v. Johnson, 241 Va. 281, 287, 402 S.E.2d 1, 4 (1991).

> In applying that standard, we use an objective standard of reasonableness in determining whether a litigant and his attorney, after reasonable inquiry, could have formed a reasonable belief that the pleading was well grounded in fact, warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and not interposed for an improper purpose.

Flippo v. CSC Assocs. III, L.L.C., 262 Va. 48, 65-66, 547 S.E.2d 216, 227 (2001) (citing Gilmore v. Finn, 259 Va. 448, 466, 527 S.E.2d 426, 435-36 (2000)); see also Ford Motor Co. v. Benitez, 273 Va. 242, 639 S.E.2d 203 (2007).

On June 24, 2013, mother filed her "Motion to Enjoin Father from Interfering with Mother's Visitation Rights or the in alternative, for Modification of Custody." In the prayer for relief of her motion to enjoin, mother requested that father "be enjoined and restrained from enrolling the parties' minor son . . . in any school outside the local area which would impact on the Mother's rights of visitation." Alternatively, she requested that the trial court modify the custody order, so that the parties had joint legal custody and mother had primary physical

custody of the children. She also asked the trial court to award her decision-making authority over the children's schooling.

Father's counsel notified mother's counsel that the motion to enjoin was "groundless" and recommended that counsel review the trial court's findings at the January 10, 2013 hearing. At that January hearing, the trial court specifically stated, "He [father] might want to try to salvage this boarding school, which was an excellent idea for [the parties' son]. He [father] specifically has authority to put [the parties' son] in a boarding school, if he wants, without interference from Mrs. Rogers." Father subsequently filed a response to mother's motion to enjoin and attached a copy of the trial court's January ruling. Mother did not withdraw her motion to enjoin.

The trial court did not err in finding that mother's motion was not "well-grounded in fact." Mother's motion to enjoin father from sending the child to boarding school was filed approximately six months after the court's ruling allowing father to do so. The trial court did not abuse its discretion in awarding sanctions because mother and her counsel could have made a "reasonable inquiry" and determined that the trial court had previously held that father could send the child to boarding school.

*Assignment of error 3 – Rule 5A:18*

Mother argues that the trial court erred when it granted affirmative relief to father, who had not requested such relief in a pleading. The final order included the following typed provision:

> AND IT IS FURTHER ADJUDGED and ORDERED,
> *upon agreement of the parties*:
>
>    \*    \*    \*    \*    \*    \*    \*
>
> 2. A party who intends to travel outside the Washington metropolitan area with the children during his or her custodial time

> shall inform the party, in writing or e-mail, of the dates and
> intended itinerary of such travel.

(Emphasis added.)

Father's counsel prepared the order, and the trial court signed the order in chambers. Any modifications to the draft order were handwritten, and there were no handwritten changes to the above provision. Mother's counsel signed the order after the hearing and noted the following objections on the order:

> Seen and Exception Noted as to:
>
> Evidence supported mother's request to modify visitation – which court did, mother's motion filed in good faith; ct took no evidence as to reasonableness of fees, fees are excessive, ct's decision is without basis in fact or law and is punitive in nature.

Mother did not object to the provision regarding travel outside of the Washington metropolitan area. She did not file a motion to reconsider. In fact, the order indicates that the parties agreed to the provision. Therefore, we will not consider mother's third assignment of error. See Rule 5A:18; Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998) (We "will not consider an argument on appeal which was not presented to the trial court.").

*Attorney's fees and costs incurred on appeal*

Father asks this Court to award him attorney's fees and costs incurred on appeal. See O'Loughlin v. O'Loughlin, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996). Having reviewed and considered the entire record in this case, we deny his request for an award of attorney's fees and costs incurred on appeal.

CONCLUSION

For the foregoing reasons, the trial court's ruling is summarily affirmed. Rule 5A:27.

Affirmed.