COURT OF APPEALS OF VIRGINIA

Present: Judges Alston, Chafin and Senior Judge Haley

UNPUBLISHED

BASIL GAISSERT

MEMORANDUM OPINION*
v.      Record No. 0522-16-1                          PER CURIAM
                                                      AUGUST 16, 2016
JENNIFER JOANNE ESTREM GAISSERT

FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
H. Thomas Padrick, Jr., Judge

(Barry R. Taylor; Taylor Bayona Law, on brief), for appellant.

No brief for appellee.

Basil Gaissert (husband) appeals a final decree of divorce. Husband argues that the trial

court erred by (1) denying his motion for a psychological evaluation of the parties' adult son;

(2) awarding child support for the parties' adult son to Jennifer Joanne Estrem Gaissert (wife)

because their son "did not seem impaired" and was capable of working; (3) failing to consider the

evidence regarding wife's constructive desertion and mental cruelty and awarding wife a divorce on

her complaint, as opposed to his counterclaim; and (4) permitting wife to pursue equitable

distribution and proceeding on wife's complaint when she did not ask for equitable distribution.

Upon reviewing the record and the opening brief, we conclude that this appeal is without merit.

Accordingly, we summarily affirm the decision of the trial court. See Rule 5A:27.

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

BACKGROUND

"When reviewing a trial court's decision on appeal, we view the evidence in the light most favorable to the prevailing party, granting it the benefit of any reasonable inferences." Congdon v. Congdon, 40 Va. App. 255, 258, 578 S.E.2d 833, 834 (2003) (citations omitted).

The parties married on June 10, 1990 and separated on April 15, 2012. Two children were born of the marriage and, at the time of the divorce, both children were over the age of eighteen years. The parties' oldest child is developmentally delayed and mentally impaired. On March 11, 2011, at the request of the parties, the circuit court entered an order appointing husband and wife as co-guardians for their oldest child because he was "mentally incapable of taking care of his person." The circuit court found that their son's incapacity was "total in nature, unlimited in extent, and of indefinite duration."

On January 30, 2013, wife filed a complaint for divorce. She alleged that husband committed adultery and constructively deserted her. Husband subsequently filed an answer and counterclaim for divorce. He denied wife's allegations and alleged that wife deserted and constructively deserted him.

Prior to the final hearing, husband filed a motion for a psychological evaluation of the parties' oldest child. Wife objected to the motion. She argued that husband was estopped from obtaining any relief on his motion and the doctrine of *res judicata* applied. She based her argument on the fact that husband requested being a co-guardian for his mentally impaired son in 2011 and sought entry of the March 11, 2011 order. On October 23, 2015, the trial court heard the matter and denied the motion. The trial court held that husband's pleadings as a co-petitioner in the parties' request to be co-guardians of their son and the March 11, 2011 order were binding on husband. On November 2, 2015, the circuit court entered an order denying husband's motion.

On November 5, 2015, the parties appeared before the trial court for the final hearing. During the trial, husband objected to wife's testimony regarding equitable distribution because wife did not request equitable distribution in her complaint for divorce. Wife made an oral motion to amend her prayer for relief and offered a proposed order. The circuit court took the matter under advisement. After reviewing the file, the trial court noted that husband requested equitable distribution in his counterclaim and wife requested it in her answer to the counterclaim. Both parties submitted pre-trial conference briefs and indicated that equitable distribution was an issue. The trial court found that the issue of equitable distribution was not a surprise at trial. It further held there was a scrivener's error in wife's complaint. The trial court then entered the proposed order allowing wife to amend her complaint and include in her prayer for relief a request for equitable distribution.

After the parties presented their evidence and argument, the trial court issued its ruling from the bench. The trial court granted wife the divorce based on the parties living separate and apart for more than one year. The trial court reviewed each of the equitable distribution factors from Code § 20-107.3(E). After classifying, valuing, and dividing the parties' marital property, the trial court granted wife a monetary award of $101,337. The trial court considered each of the spousal support factors from Code § 20-107.1(E) and ordered husband to pay wife $750 per month for spousal support. The trial court also held that the parties' oldest child was severely mentally disabled and that the condition existed prior to him reaching eighteen years of age. The trial court further determined that the child was unable to live independently and support himself, so husband was ordered to pay wife $675 per month for child support.[1] On February 26, 2016,

---

[1] The child support that husband was ordered to pay deviated from the guideline amount because the child had the ability to earn some income.

- 3 -

the trial court entered the final decree of divorce, which memorialized its rulings.  This appeal followed.

ANALYSIS

*Assignments of error #1 and 2*

Husband argues that the trial court erred in denying his motion for a psychological evaluation and awarding wife child support for their adult son.  Husband believes that a psychological evaluation would have been helpful for the trial court to determine the extent of the child's disability.  Husband contends the evidence called into question the child's disability because husband taught the child how to drive, mow lawns, and use tools to repair items.  Husband also relies on the evidence that the child was denied social security disability and worked part-time outside of the home.  Husband asserts that the child was not entitled to child support.

"[W]hen a trial court hears evidence at an *ore tenus* hearing, its factual findings are entitled to great weight and will not be disturbed on appeal unless plainly wrong or without evidence to support them."  Mayer v. Corso-Mayer, 62 Va. App. 713, 728, 753 S.E.2d 263, 270 (2014) (quoting Mullin v. Mullin, 45 Va. App. 289, 299, 610 S.E.2d 331, 336 (2005)).  "Moreover, there is a presumption on appeal that the trial court thoroughly weighed all the evidence, considered the statutory requirements, and made its determination based on the child's best interests."  Id. (quoting Mullin, 45 Va. App. at 300, 610 S.E.2d at 336).

Pursuant to Code § 20-124.2(C),

> The court may also order that support be paid or continue to be paid for any child over the age of 18 who is (a) severely and permanently mentally or physically disabled, and such disability existed prior to the child reaching the age of 18 or the age of 19 if the child met the requirements of clauses (i), (ii), and (iii);
> (b) unable to live independently and support himself; and
> (c) residing in the home of the parent seeking or receiving child support.

- 4 -

The evidence proved that the child was born in 1992 and has always lived with wife. In 2011, the parties appeared before the trial court and requested that they be appointed as co-guardians for the child. On March 11, 2011, the trial court entered an order appointing the parties as co-guardians for the child. The order contained several findings of facts, including that the child was "suffering from global developmental delays," and "the extent of his incapacity is such that by reason of his impaired mental condition he is incapable of understanding business transactions, and is mentally incapacitated to the point that he is unable to care for his basic needs." The trial court concluded that the child's incapacity was "total, irreversible, and perpetual in nature." The trial court appointed the parties to be the child's co-guardians and make "residential, medical, personal care, rehabilitation, and employment decisions" on the child's behalf.

At the hearing on October 23, 2015, the trial court held that the issue of the child's disability was resolved in 2011 and that husband was barred by *res judicata* and collateral estoppel from raising the issue again. The trial court engaged in the following colloquy with husband's counsel:

> THE COURT: But to the extent that your client was a co-petitioner in that proceeding, aren't his pleadings, his statements, and the orders entered from those proceedings binding on him?
>
> HUSBAND'S COUNSEL: They're bind – they are binding upon him, yes.
>
> THE COURT: All right. I think they are too.
>
> HUSBAND'S COUNSEL: I would agree with that.

Furthermore, during the trial on November 5, 2015, the trial court asked husband if the child could live independently, and husband responded that he could not.

The March 11, 2011 order established that the child suffered from a severe and permanent mental disability, so a psychological evaluation in 2015 was unnecessary. Husband

- 5 -

admitted that the child was unable to live independently and lived with wife. Accordingly, the trial court did not err in denying the motion for the psychological evaluation and concluding that the child was eligible for child support pursuant to Code § 20-124.2(C).

*Assignment of error #3*

Husband argues that the trial court erred by not considering "wife's alcoholism and her unwillingness to work on the marriage as evidence of constructive desertion and mental cruelty." He contends the trial court erred in dismissing his counterclaim and granting wife the divorce.

After hearing all of the evidence, the trial court concluded that the evidence was insufficient to prove adultery on husband's part or desertion on wife's part. The trial court found that "what has been proven is the no-fault ground" of living separate and apart for more than one year.

Even if husband had proved desertion on wife's part, the judge had the discretion to decide which grounds to use in granting the divorce. Fadness v. Fadness, 52 Va. App. 833, 840, 667 S.E.2d 857, 861 (2008); Williams v. Williams, 14 Va. App. 217, 220, 415 S.E.2d 252, 254 (1992); Lassen v. Lassen, 8 Va. App. 502, 505, 383 S.E.2d 471, 473 (1989).

The trial court did not abuse its discretion in granting the divorce based on living separate and apart for more than one year because the evidence supported that ground.

*Assignment of error #4*

Husband argues that the trial court erred when it allowed wife "to pursue equitable distribution and proceed on the main complaint when [she] had not asked for equitable distribution." Husband relies on a ruling in Fadness, which stated, "Fundamental rules of pleading provide that no court can base its judgment or decree upon a right which has not been pleaded and claimed." Fadness, 52 Va. App. at 843, 667 S.E.2d at 862 (quoting Boyd v. Boyd, 2 Va. App. 16, 18, 340 S.E.2d 578, 580 (1986)).

During the trial, husband objected to wife requesting equitable distribution because her complaint for divorce did not include a request for equitable distribution in the prayer for relief. However, husband's counterclaim included a request for equitable distribution, and wife's answer to the counterclaim included a request for equitable distribution. In addition, both parties listed equitable distribution as an issue in their pre-trial conference briefs.

The trial court found it was a scrivener's error that wife's complaint did not include equitable distribution in her prayer for relief. Wife requested that she be allowed to amend her complaint. Husband objected, but on November 5, 2015, the trial court entered an order that granted wife's request.

"No amendments shall be made to any pleading after it is filed save by leave of court. Leave to amend shall be liberally granted in furtherance of the ends of justice." Rule 1:8.

"Whether to grant leave to amend pleadings is a matter within the sound discretion of the trial court." Ogunde v. Prison Health Servs., Inc., 274 Va. 55, 67, 645 S.E.2d 520, 527 (2007) (citing Kole v. City of Chesapeake, 247 Va. 51, 57, 439 S.E.2d 405, 409 (1994)). "It is true that amendments are not a matter of right, but a trial court's decision refusing leave to amend after a showing of good cause is, in ordinary circumstances, an abuse of discretion." Ford Motor Co. v. Benitez, 273 Va. 242, 252, 639 S.E.2d 203, 208 (2007). Good cause can exist where a party has not previously sought to amend her pleadings, the request was timely, and the non-moving party was not prejudiced. Ogunde, 274 Va. at 67, 645 S.E.2d at 527.

The trial court did not abuse its discretion in granting wife's request to amend her complaint to include equitable distribution. Wife had not previously sought to amend her pleadings. She made the motion during the trial when husband first raised the issue. Husband was not prejudiced by the amendment, as he knew that equitable distribution was an issue for trial.

Consequently, the trial court did not err when it allowed wife to amend her complaint and request equitable distribution. Furthermore, it did not err by granting the divorce to wife, dismissing husband's counterclaim, and awarding equitable distribution to both parties.

CONCLUSION

For the foregoing reasons, the trial court's ruling is summarily affirmed. Rule 5A:27.

<u>Affirmed.</u>