Present:   All the Justices

RYAN TABOADA
                         OPINION BY CHIEF JUSTICE LEROY R. HASSELL, SR.
v.  Record No. 051094                 August 11, 2006

DALY SEVEN, INC.

        FROM THE CIRCUIT COURT OF THE CITY OF ROANOKE
                   Clifford R. Weckstein, Judge

                              I.

     In this proceeding, we consider whether an attorney

violated Code § 8.01-271.1 as a result of conduct related to

his filing a petition for rehearing in this Court.

                              II.

     D. Stan Barnhill, an attorney licensed to practice law in

this Commonwealth, represented Daly Seven, Inc. in Taboada v.

Daly Seven, Inc., 271 Va. 313, 626 S.E.2d 428 (2006).  This

Court held in its opinion in Taboada that a special

relationship existed between an innkeeper and its guest, and

that such relationship imposed certain duties upon the

innkeeper to warn and protect its guests.  271 Va. at 326, 626

S.E.2d at 434.  After this Court's opinion in Taboada was

issued on March 3, 2006, Barnhill signed and filed as counsel

of record a petition for rehearing on behalf of Daly Seven

pursuant to Rules 5:39 and 5:39A.

     Barnhill made numerous assertions in the petition for

rehearing regarding this Court's opinion.  Barnhill described

this Court's opinion as "irrational and discriminatory" and "irrational at its core." He wrote that the Court's opinion makes "an incredible assertion" and "mischaracterizes its prior case law." Barnhill stated: "George Orwell's fertile imagination could not supply a clearer distortion of the plain meaning of language to reach such an absurd result." Barnhill argued in the petition that this Court's opinion "demonstrates so graphically the absence of logic and common sense."

Barnhill wrote in boldface type that "Ryan Taboada may be the unfortunate victim of a crazed criminal assailant who emerged from the dark to attack him. But Daly Seven will be the unfortunate victim of a dark and ill-conceived jurisprudence." Barnhill also included the following statement in the petition: "[I]f you attack the King, kill the King; otherwise, the King will kill you."

This Court entered a rule to show cause that directed Barnhill to appear in person and show cause why this Court should not impose sanctions against him pursuant to Code § 8.01-271.1. The Court also directed that Barnhill file a brief in response to the rule.

Barnhill filed a brief with the Clerk of this Court and appeared in person with counsel. During the hearing, Barnhill, by counsel, expressed to this Court his apology and sincere regret for the language he used in the petition.

Barnhill acknowledged that the language he used in the petition was "totally inappropriate and that it was a grave mistake and a serious error of judgment on his part to write the petition the way he did."  Barnhill also assured this Court that "he did not mean any disrespect."

Barnhill informed this Court, through counsel, that he recognized the gravity of his mistake.  His counsel represented that "Mr. Barnhill has committed to abide by his firm's policy that no brief will be filed that has not been reviewed and approved by another partner in his firm."

Barnhill represented in his brief that "[t]his episode is an aberration in the practice of a lawyer who has engaged in extensive professional service, including serving on the Virginia State Bar Disciplinary Board, the Sixth District Ethics Committee and the Virginia State Bar Council." Barnhill has practiced law with an unblemished record for more than 20 years.  He has also served on the board of directors of a legal aid organization.

Barnhill requested that this Court consider as an appropriate sanction the public and private embarrassment that he has experienced as a result of the issuance of the rule. Barnhill also asked that this Court grant his client, Daly Seven, leave to withdraw the petition for rehearing and substitute an appropriate petition.

3

III.

Code § 8.01-271.1 states in relevant part:

> "Every pleading, written motion, and other paper of a party represented by an attorney shall be signed by at least one attorney of record in his individual name . . . .
> "The signature of an attorney or party constitutes a certificate by him that (i) he has read the pleading, motion, or other paper, (ii) to the best of his knowledge, information and belief, formed after reasonable inquiry, it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and <u>(iii) it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.</u> If a pleading, written motion, or other paper is not signed, it shall be stricken unless it is signed promptly after the omission is called to the attention of the pleader or movant.
>
> . . . .
>
> "If a pleading, motion, or other paper is signed or made in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed the paper or made the motion, a represented party, or both, an appropriate sanction . . . ."

(Emphasis added.)

In this proceeding, this Court must consider whether the petition for rehearing that Barnhill filed was interposed for an improper purpose within the meaning of Code § 8.01-271.1. In determining whether the petition for rehearing was interposed for an improper purpose, this Court must apply an objective standard of reasonableness. <u>See</u>, <u>e.g.</u>, <u>Tullidge v.</u>

4

Board of Supervisors of Augusta Co., 239 Va. 611, 614, 391 S.E.2d 288, 289-90 (1990).

Applying this standard, this Court is compelled to conclude that Barnhill interposed the petition for rehearing for an improper purpose which was to ridicule and deride the Court by the repeated use of intemperate language to express his displeasure with the Court's opinion. His use of intemperate phrases – "Ryan Taboada may be the unfortunate victim of a crazed criminal assailant who emerged from the dark to attack him. But Daly Seven will be the unfortunate victim of a dark and ill-conceived jurisprudence," and "[I]f you attack the King, kill the King; otherwise, the King will kill you," – serves no objective purpose that would assist this Court in its determination whether to grant the petition for rehearing that he had filed. Ridicule and derision of the Court in this context is an improper purpose within the meaning of clause (iii) in Code § 8.01-271.1.

The provision in Code § 8.01-271.1 prohibiting an attorney or party from interposing a pleading, motion, or other paper for any improper purpose is designed to ensure dignity and decorum in the judicial process. This provision deters abuse of the legal process and fosters and promotes public confidence and respect for the rule of law. As this Court stated in Oxenham v. Johnson, 241 Va. 281, 286, 402

S.E.2d 1, 3 (1991), "sanctions can be used to protect courts against those who would abuse the judicial process." Because Barnhill's conduct violated the standard established by clause (iii) in Code § 8.01-271.1, this Court must impose an appropriate sanction.

In determining the appropriate sanction to impose upon Barnhill, this Court considers the gravity of his conduct – in this instance, the very strong intemperate language used in the petition for rehearing – and his prior exemplary record as a member of the Bar of this Court. This Court also considers Barnhill's apology, the apology of his law firm, and Barnhill's statement that in the future he will not file a brief that has not been reviewed and approved by another partner in his law firm.

Upon consideration of these facts, the very serious nature of his conduct, and the potential impact of that conduct upon the administration of justice, this Court must impose a meaningful sanction. Accordingly, Barnhill's privilege to practice before this Court will be suspended for a period of one year from the issuance of the mandate in this case. Additionally, this Court will assess a fine against Barnhill personally in the amount of $1,000.00, and Barnhill will not be permitted to receive reimbursement of this fine from his law firm or his client.

This Court agrees with Barnhill that his client should not be prejudiced because of his misconduct. Accordingly, this Court will strike the petition for rehearing and Daly Seven will be permitted to file another petition, if it so desires. The Clerk of this Court will enter an order consistent with the views expressed in this opinion.