Present:   All the Justices

JOHN J. MCNALLY
                    OPINION BY CHIEF JUSTICE LEROY R. HASSELL, SR.
v.  Record No. 070522              April 18, 2008

ROBERT REY, ET AL.

             FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
                    Charles D. Griffith, Jr., Judge

     In this appeal, we consider whether the Circuit Court of

the City of Norfolk abused its discretion by imposing

sanctions upon an attorney who filed a petition in bankruptcy

on behalf of his client who was a party in a proceeding

pending in the circuit court.  The relevant facts necessary

for our resolution of this appeal are undisputed.  Robert Rey

and Ellen Rey, the plaintiffs, filed a motion for judgment

against Simonz, Inc., and its representative, Gerald T. Simon.

Plaintiffs alleged that Simonz and Simon breached certain

contractual and statutory duties owed to them arising out of

an agreement to remove lead-based paint from the plaintiffs'

home.

     Simonz and Simon filed responsive pleadings, and Simonz

also filed a counterclaim.  Subsequently, the circuit court

dismissed Simon as a defendant, and the plaintiffs proceeded

with their action against Simonz.

     The circuit court scheduled a trial date of November 15,

2006.  Before the scheduled trial date, John J. McNally,

counsel of record for Simonz, discussed with his client the option of filing a voluntary bankruptcy petition in the United States Bankruptcy Court for the Eastern District of Virginia. On the evening of November 14, 2006, McNally filed a petition in bankruptcy in the United States Bankruptcy Court for Simonz. McNally sent a facsimile of the petition and the bankruptcy court's electronic confirmation of the filing to plaintiffs' counsel within one hour of the time of the filing of the bankruptcy petition.

The next day, McNally and plaintiffs' counsel appeared in the circuit court for the scheduled trial. McNally informed the circuit court that his client had filed a petition in bankruptcy. Plaintiffs' counsel immediately asked the circuit court to assess costs and attorney's fees against McNally, dismiss Simonz' counterclaim with prejudice, and issue a bench warrant against Simon for unspecified criminal charges.

The circuit court questioned McNally about the circumstances related to his client's decision to file the petition in bankruptcy. McNally informed the court that his client indicated "early on that it did not want to incur the expense of defending the plaintiffs' suit." Additionally, "[s]everal months before trial, McNally explained [Simonz'] options, including bankruptcy, to Simon, but Simon did not then decide to file a bankruptcy petition."

McNally, asserting the attorney-client privilege, declined to answer certain questions that the circuit court asked about his client's decision to file the petition. McNally told the circuit court that he was not prepared to proceed with the plaintiffs' oral motion for sanctions. McNally also informed the court that his client had a legal right to file a petition in bankruptcy at any time, including pretrial, during the trial, or upon the conclusion of trial. The circuit court did not rule on the plaintiffs' oral motion for sanctions against McNally, but entered an order that dismissed the plaintiffs' action without prejudice because Simonz was entitled to an automatic stay of legal proceedings by operation of law pursuant to 11 U.S.C. § 362.

McNally filed a letter with the circuit court on November 20, 2006, responding to the circuit court's consideration of sanctions against him for the bankruptcy filing. He stated "it would have been an ethical violation for me to disclose my client's intention to file a bankruptcy (which was clearly a client confidence) unless the client specifically authorized me to do so." McNally also asked that he be subject to a "properly file[d]" motion and be given an opportunity to respond: "I respectfully believe that I am entitled to due process on this issue." Plaintiffs' counsel responded by requesting sanctions for legal fees, costs, and expenses

3

plaintiffs incurred that totaled $14,090.45.  Without a

hearing, the circuit court entered an order on December 15,

2006, holding, among other things, that

> "the conduct of Mr. McNally in filing pleadings
> indicating an intent to try the case while in fact
> knowing that bankruptcy was to be filed was not in
> good faith and was for an improper purpose including
> to needlessly increase the cost of litigation to the
> Plaintiffs.  As a result, Plaintiffs incurred
> unnecessary legal and expert fees and costs in
> preparing the case for trial.  The Court on its own
> initiative as permitted by law believes the
> appropriate sanction is that Counsel for Defendant,
> John [J.] McNally personally pay the legal fees,
> expert charges, and costs incurred by Plaintiffs
> from November 8, 2006 until notified of the
> bankruptcy on the evening of November 14 as well as
> the cost of the jury.
>      "Counsel for Plaintiffs have submitted a
> statement of legal fees with affidavits, costs and
> expert fees.  The Court finds all charges fair and
> reasonable.  The legal fees total $12,170.00, the
> costs, including airfare for the mother of Mrs. Rey
> to come and watch their children during the trial
> are $555.45, the expert costs are $1,365.00.  The
> Court hereby assesses these fees, costs and charges
> against John [J.] McNally personally under the power
> of the Court to sanction conduct of lawyers where
> appropriate and ORDERS that John [J.] McNally pay
> the total amount of $14,090.45 . . . .
>      "The Court further ORDERS that Mr. McNally pay
> to the Clerk of the Court the cost of the jury which
> was ordered to be present for this trial."

McNally objected to the entry of this order, asserting

numerous reasons, including his contention that he had not

violated Code § 8.01-271.1.  McNally also filed a motion to

reconsider, and he reasserted, among other things, that he had

not violated Code § 8.01-271.1.  The circuit court denied the motion, and McNally appeals.

McNally contends that the circuit court erred by awarding sanctions and costs against him.  McNally states that the circuit court's order that awards sanctions against him only cites one pleading that he signed, the witness and exhibit list that he was required to file in accordance with the court's scheduling order.  McNally contends that there is no evidence that his act of filing this pleading violated Code § 8.01-271.1.  Additionally, McNally asserts that Code § 8.01-271.1 does not authorize a court to impose sanctions upon an attorney when that attorney fails to disclose to opposing counsel or to the court that the attorney's client is contemplating filing a petition in bankruptcy.

Responding, the plaintiffs contend that McNally did not make the proper objections in the circuit court to the order awarding sanctions against him and, therefore, his arguments are procedurally barred.  The plaintiffs argue, consistent with the circuit court's rulings, that McNally intended to file a petition in bankruptcy on behalf of his client sometime before the scheduled trial date and that McNally's act of filing the witness and exhibit list was "not in good faith" and constituted an "improper purpose" within the intendment of Code § 8.01-271.1.  We disagree with plaintiffs' contentions.

The plaintiffs' argument that McNally failed to object to the circuit court's order imposing sanctions is without merit. McNally repeatedly objected to the circuit court's decision to impose sanctions against him.

Initially, we observe that we are unable to discern from the circuit court's order whether the court imposed sanctions authorized by Code § 8.01-271.1 or some other source of authority. We note, however, that this Court has previously held that a circuit court does not have inherent authority to impose as a sanction an award of attorney's fees and costs:

> "In the absence of authority granted by a statute, such as Code § 8.01-271.1, or a rule of court, such as Rule 4:12, . . . a trial court's inherent power to supervise the conduct of attorneys practicing before it and to discipline an attorney who engages in misconduct does not include the power to impose as a sanction an award of attorneys' fees and costs to the opposing parties."

Nusbaum v. Berlin, 273 Va. 385, 400-01, 641 S.E.2d 494, 502 (2007).

We now consider the litigants' arguments that relate to Code § 8.01-271.1. This statute states in relevant part:

> "The signature of an attorney or party constitutes a certificate by him that (i) he has read the pleading, motion, or other paper, (ii) to the best of his knowledge, information and belief, formed after reasonable inquiry, it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and (iii) it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless

6

increase in the cost of litigation. If a pleading, written motion, or other paper is not signed, it shall be stricken unless it is signed promptly after the omission is called to the attention of the pleader or movant.

. . . .

"If a pleading, motion, or other paper is signed or made in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed the paper or made the motion, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other paper or making of the motion, including a reasonable attorney's fee."

Code § 8.01-271.1.

We must apply an abuse of discretion standard when reviewing a circuit court's determination to impose sanctions pursuant to Code § 8.01-271.1. Williams & Connolly, LLP v. People for the Ethical Treatment of Animals, 273 Va. 498, 509, 643 S.E.2d 136, 140 (2007); Ford Motor Co. v. Benitez, 273 Va. 242, 249, 639 S.E.2d 203, 206 (2007); Flora v. Shulmister, 262 Va. 215, 220, 546 S.E.2d 427, 429 (2001); Gilmore v. Finn, 259 Va. 448, 466, 527 S.E.2d 426, 435 (2000) (quoting Oxenham v. Johnson, 241 Va. 281, 287, 402 S.E.2d 1, 4 (1991)).

Code § 8.01-271.1 imposes several obligations upon an attorney who files a written pleading or other document with the court. The signature of an attorney constitutes a certificate that the attorney has read the pleading, motion,

or the paper, and to the best of the attorney's knowledge, information, and belief formed after reasonable inquiry, the pleading or document filed is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law. The attorney may not interpose the pleading or other paper for any improper purpose.

The circuit court's order that imposed the sanctions against McNally was based upon the circuit court's conclusion that McNally filed a witness and exhibit list when he did not intend to try the case. There is simply nothing in the record before this Court that supports this finding. There is no evidence in the record that McNally's act of filing the witness and exhibit list was not well grounded in fact. There is nothing in the record before this Court that supports a finding that the witness and exhibit list was interposed for an improper purpose, such as to harass or cause unnecessary delay, or needless increase in the cost of litigation. See Taboada v. Daly Seven, Inc., 272 Va. 211, 214-16, 636 S.E.2d 889, 890-91 (2006). Simply stated, the record before this Court is devoid of any evidence that supports the circuit court's award of sanctions. McNally's act of filing the witness and exhibit list, as required by the circuit court's own pretrial order, did not violate Code § 8.01-271.1.

Additionally, counsel of record in a state court proceeding, who represents a litigant contemplating filing a petition in bankruptcy in a federal bankruptcy court, does not have an obligation to inform opposing counsel or the circuit court that the attorney's client is considering filing a petition in bankruptcy. A litigant's decision to file a petition in bankruptcy while litigation is pending does not constitute a violation of Code § 8.01-271.1 provided such filing is in compliance with the federal Bankruptcy Code, 11 U.S.C. § 101, et seq. To hold otherwise would have a chilling effect upon the rights of litigants and their attorneys when such litigants seek to avail themselves of their statutory rights set forth in the federal Bankruptcy Code. Therefore, we hold that the circuit court abused its discretion by imposing sanctions upon McNally.

Accordingly, we will reverse the judgment of the circuit court, and we will enter a final judgment in favor of McNally.

Reversed and final judgment.

9