COURT OF APPEALS OF VIRGINIA


Present:   Judges McClanahan, Haley and Petty
Argued at Chesapeake, Virginia


ROBERT PELLEK AND
  STACY PELLEK

                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 0002-08-1                      JUDGE WILLIAM G. PETTY
                                                      NOVEMBER 18, 2008

HEATHER ANN BYERS


FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
A. Joseph Canada, Jr., Judge

(Barbara A. Fuller, on brief), for appellants.  Appellants submitting
on brief.

No brief or argument for appellee.

Arthur C. Ermlich, Jr., Guardian *ad litem* for the minor child.[1]


Following oral argument on Heather Byers' motion to dismiss, the trial court dismissed

Robert and Stacy Pelleks' petition for adoption without prejudice and awarded Byers three

thousand dollars in attorney's fees.  The Pelleks argue on appeal that the trial court had no

statutory authority to award attorney's fees.  We agree and reverse the trial court's holding.

ANALYSIS

On September 25, 2007, the Pelleks filed a petition for adoption pursuant to Chapter 12

of Title 63.2 of the Code (Code §§ 63.2-12 to 63.2-1253) in the Circuit Court of the City of

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Pursuant to Rule 5A:19(d) the guardian *ad litem* joined with appellants and appeared at oral argument.

Virginia Beach. In response to that petition, Byers filed a motion to dismiss the petition and requested an award of attorney's fees. The trial court granted the motion dismissing the petition and awarded Byers attorney's fees in the amount of three thousand dollars. It directed that the fees be paid over a six-month period. Byers' motion did not state the basis for her request for attorney's fees, nor did the trial court state any specific justification or reason for its award. It is from this judgment that the Pelleks appeal.

On appeal, the Pelleks present four questions for our review: (i) whether the trial court has the statutory authority to award attorney's fees in an adoption proceeding under Title 63.2 of the Code of Virginia; (ii) whether the trial court can award attorney's fees as a sanction when there was no finding of bad faith; (iii) whether the attorney's fees were reasonable; and (iv) whether the evidence in the record is sufficient to justify an award of attorney's fees. Because we agree with the Pelleks on the first two questions, we do not need to address the last two.

It is clear from our jurisprudence that "'ordinarily, attorneys' fees are not recoverable by a prevailing litigant in the absence of a specific contractual or statutory provision to the contrary.'" Nusbaum v. Berlin, 273 Va. 385, 400, 641 S.E.2d 494, 501 (2007) (quoting Lannon v. Lee Conner Realty Corp., 238 Va. 590, 594, 385 S.E.2d 380, 383 (1989)). Our Supreme Court has rejected the concept that a trial court "has inherent power to award attorney's fees as a means of disciplining [an] offending litigant because . . . [such an] award [is] at odds with the 'American rule' and our strong adherence to it." Id.

The Pelleks' first argument is that there is no statute specifically authorizing an award of attorney's fees in an adoption proceeding under Chapter 12 of Title 63.2. We agree. There is no specific authority for the attorney's fee award contained in Chapter 12 of Title 63.2.

Accordingly, to the extent the trial court relied on any such specific statutory authorization, it erred.

While there is no specific statutory basis for an award of attorney's fees in this case, Code § 8.01-271.1 does provide general authority for a trial court to impose sanctions, including reasonable attorney's fees, on any "person who signed [a pleading, motion, or other paper], a represented party, or both" if the pleading is not well grounded in fact, is not warranted by existing law, is in bad faith, or is "interposed for any improper purpose, such as to harass or to cause . . . needless increase in the cost of litigation."[2]  See also McNally v. Rey, 275 Va. 475, 481-82, 659 S.E.2d 279, 283 (2008).  If the court finds that the "pleading, motion, or other paper is signed or made in violation of this rule," then the court may award sanctions including attorney's fees.  Code § 8.01-271.1.  However, absent such a finding, the trial court has no authority to award sanctions under this statute.  McNally, 275 Va. at 482, 659 S.E.2d at 283.

Both Robert and Stacy Pellek signed the petition for adoption and filed it with the Clerk of the Circuit Court for the City of Virginia Beach.  While the trial judge commented that the Pelleks "should have waited a while to see what was going to happen" in the pending visitation proceeding, the trial judge specifically stated that he did not "think there [was] any bad faith."

While subjective bad faith triggers Code § 8.01-271.1, the statute primarily relies upon an objective standard.  Ford Motor Co. v. Benitez, 273 Va. 242, 253, 639 S.E.2d 203, 208 (2007)

---

[2] Byers did not file a brief in this appeal, and Byers' motion requesting attorney's fees, which cites no authority, was not included in the appendix.  "'The appendix is a tool vital to the function of the appellate process in Virginia. . . .  By requiring the inclusion of all parts of the record germane to the issues, the Rules promote the cause of plenary justice.'"  Patterson v. City of Richmond, 39 Va. App. 706, 717, 576 S.E.2d 759, 764-65 (2003) (quoting Thrasher v. Burlage, 219 Va. 1007, 1009-10, 254 S.E.2d 64, 66 (1979) (per curiam)).  As we have recently said, "'[a] court of review is entitled to have the issues clearly defined and to be cited pertinent authority.  The appellate court is not a depository in which the [parties] may dump the burden of argument and research.'"  Jones v. Commonwealth, 51 Va. App. 730, 734, 660 S.E.2d 343, 345 (2008) (quoting People v. Trimble, 537 N.E.2d 363, 364 (Ill. App. Ct. 1989) (internal citations omitted)).

("We use an 'objective standard of reasonableness in determining whether a litigant and his attorney, after reasonable inquiry, could have formed a reasonable belief that the pleading was well grounded in fact.'" (quoting Flippo v. CSC Assocs. III, L.L.C., 262 Va. 48, 65-66, 547 S.E.2d 216, 227 (2001))). "Simply put, the record before this Court is devoid of any evidence that supports the circuit court's award of sanctions" under either a subjective or objective test. McNally, 275 Va. at 482, 659 S.E.2d at 283.

CONCLUSION

Because there is no basis for the trial court's award of attorney's fees, we must conclude that the trial court abused its discretion in doing so. Therefore, we reverse and vacate the trial court's award of attorney's fees.

Reversed and vacated.