# CIRCUIT COURT OF THE CITY OF RICHMOND

Chicqua Wilson, Admr.

v.

Bon Secours-Richmond Health System,
t/a James River Surgical Associate,
and Kenneth R. Foxx

Case Nos. CL09-461 and CL10-97

BY JUDGE MELVIN R. HUGHES, JR.

February 10, 2011

At the last hearing, the proceedings were confined to Mr. Cuthbert's motion 15, which concerned the deposition of the defendant, Dr. Foxx, in this medical malpractice case. Plaintiff has asked for attorney's fees in connection with the deposition, which ended by defendant's terminating the proceedings. Defendant opposes and also requests attorney's fees and asks, due to counsel's conduct, that the rescheduled deposition take place at the courthouse. During the hearing, the parties provided the court with a tape of the deposition, which the court has reviewed.

The tape of the deposition reveals that counsel ultimately reached a stalemate in the deposition after clashing over whether Dr. Foxx should be required to answer plaintiff's questions regarding information contained in a medical periodical about the surgical procedure that is the subject of the case. Throughout, counsel for plaintiff pressed for an answer to questions put to Dr. Foxx framed from this source. And Dr. Foxx's counsel directed the witness not to answer on the ground of lack of proof of medical source reliability and lack of a designation of Dr. Foxx as an expert.

At the hearing, plaintiff explained that questions to defendant without first laying foundation through an expert witness that the medical journal is reliable is admittedly out of sequence. Plaintiff argues that, at trial, he intends to follow the procedure set out in Va. Code § 8.01-401.1.

Continuing, since the deposition of a party can be used for any purpose and given that he expects to lay a foundation for the source information later at trial, plaintiff says the questions are appropriate. As noted, defendant disagrees.

In the past, when disputes arise during a deposition, as has been noted here, the court expects that counsel, as officers of the court, use reasonable efforts to resolve the matter. The counsel objecting to questions should, where feasible, allow the answer to be given subject to objection. See Rule 4:5.

However, if the objecting counsel believes that the answer would be improper because the answer violates the rules of court or a court order, the objector may instruct his client not to answer provided the objector believes that to answer would disclose privileged information or that to answer would work an undue prejudice to the client's rights in the case. Appropriate sanctions may be imposed if counsel's conduct is unreasonable or unlawful.

The deposition may be terminated if (1) there is substantial harassment, including unprofessional conduct, or (2) if the objecting counsel believes that further questioning cannot be fairly pursued any longer. Thereafter, a protective order can be sought and a decision to terminate will be subject to sanctions if found not to be justified.

Here, it is my opinion that the deposition should not have been terminated. An objection should have been made, then the witness could have given his answer as best he could and the matter brought forward later for determination on a hearing.

A defendant physician in a medical malpractice case occupies a tripartite position as an adverse witness, an expert, and a fact witness. This is not to say that such a defendant should become and be used as an expert for an opinion, but given the nature of things in a medical malpractice case, such a witness occupies a position that professional observations of the underlying facts necessarily go into matters beyond the purview of the fact finder's common understanding. So, here, the court will take the position that the answer should have been given over objections for review later.

As to the merits of the inquiries based on the medical periodical, the question posed a mixed statement of fact and expertise that the defendant was due to answer subject to the procedure outlined above. If the worry is that Foxx is being set up to give an opinion against himself, which may be a legitimate concern, this can be resolved later on pre-trial review. The deposition as rescheduled can go forward under the foregoing guidelines.

The court will withhold a decision on the imposition of sanctions until the end of the proceedings. Trusting that counsel will conduct themselves accordingly, there will be no provision for the taking of the deposition at the courthouse.

March 22, 2011

Left over from Friday's hearing is plaintiff's motion for sanctions under Va. Code § 8.01-271.1 sought against defense counsel Robertson.

I will leave for the record the recitation of all the underlying facts and argument on the question.

Briefly, plaintiff seeks sanctions on the ground that an order he submitted to counsel for endorsement was altered from that which he previously submitted. Counsel had previously gone back and forth over a provision in an order plaintiff's counsel proposed. Upon receipt of the proposed order, counsel lined through the disputed provision and passed it on to counsel for a co-defendant with a request that counsel forward the order on to the court for entry. In her transmittal letter to co-counsel, counsel copied plaintiff's counsel to make him aware of the change. However, plaintiff's counsel, having recently returned from the Christmas holiday, did not read the transmittal letter until after the order was entered, after learning the order was entered as modified. Plaintiff asks that, as a sanction, counsel be removed from the case and for an award of attorney's fees.

The imposition of sanctions under Va. Code § 8.01-271.1 is a matter of discretion with the court. *McNally v. Rey*, 275 Va. 475, 659 S.E.2d 279 (2008). The court will deny this request. The court is satisfied that the topic of the inclusion/non inclusion of the provision never reached resolution before plaintiff's counsel sent his proposed order. The fact that counsel advised of the modification in the transmittal to co-counsel suggests that counsel's actions did not evince an intent to have the order entered as modified without any further notice. This mitigates any determination that counsel acted with any animus in urging the court to do something that was not well-grounded in fact. My sense is that counsel received the order knowing her consent to the disputed provision had never been obtained, but acquiesced in the order's submission with the proviso that it was still not agreed to upon notice to plaintiff.