# CIRCUIT COURT OF FAIRFAX COUNTY

Trimark Corp.

v.

Affectionate
Pet Care, L.L.C.

July 8, 2014

Case No. 2012-19596

BY JUDGE ROBERT J. SMITH

This matter comes before the Court on the Defendant's motions for attorney's fees pursuant to Va. Sup. Ct. R. 3:25 and pursuant to Va. Code § 8.01-271.1.

## Background

This breach of contract action arises from a contract Trimark Corporation ("Plaintiff") and Affectionate Pet Care, L.L.C. ("Defendant") entered into on March 5, 2012. On April 28, 2014, a jury found that judgment should be entered in favor of the Defendant. On May 16, 2014, the Court suspended the final order until July 1, 2014. On May 30, 2014, the Court heard oral argument on Defendant's motions for attorney's fees and, thereafter, took the matter under advisement.

## Standard of Review

Virginia Supreme Court Rule 3:25 sets forth the following standard regarding claims for attorney's fees:

> A. *Scope of Rule.* This rule applies to claims for attorney's fees, excluding (i) attorney's fees under § 8.01-271.1 of the Code of Virginia, and (ii) attorney's fees in domestic relations cases.

B. *Demand.* A party seeking to recover attorney's fees shall include a demand therefor in the complaint filed pursuant to Rule 3:2, in a counterclaim filed pursuant to Rule 3:9, in a cross-claim filed pursuant to Rule 3:10, in a third-party pleading filed pursuant to Rule 3:13, or in a responsive pleading filed pursuant to Rule 3:8. The demand must identify the basis upon which the party relies in requesting attorney's fees.

C. *Waiver.* The failure of a party to file a demand as required by this rule constitutes a' waiver by the party of the claim for attorney's fees, unless leave to file an amended pleading seeking attorney's fees is granted under Rule 1:8.

D. *Procedure.* Upon the motion of any party, the court shall, or upon its own motion, the court may, in advance of trial, establish a procedure to adjudicate any claim for attorney's fees.

Va. Sup. Ct. R. 3:25. Virginia Code § 8.01-271.1, in pertinent part, sets forth the following standard regarding the standard for oral motions:

The signature of an attorney or party constitutes a certificate by him that (i) he has read the pleading, motion, or other paper, (ii) to the best of his knowledge, information, and belief, formed after reasonable inquiry, it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and (iii) it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. If a pleading, written motion, or other paper is not signed, it shall be stricken unless it is signed promptly after the omission is called to the attention of the pleader or movant.

An oral motion made by an attorney or party in any court of the Commonwealth constitutes a representation by him that (i), to the best of his knowledge, information, and belief formed after reasonable inquiry, it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and (ii) it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

If a pleading, motion, or other paper is signed or made in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed the paper

or made the motion, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other paper or making of the motion, including a reasonable attorney's fee.

Va. Code § 8.01-271.1.

*Analysis*

A. *Motion for Attorney's Fees Pursuant to Rule 3:25*

Ordinarily, Virginia follows the American Rule where, "absent a specific contractual or statutory provision to the contrary, attorney's fees are not recoverable by a prevailing litigant from the losing litigant." *Mullins v. Richlands Nat'l Bank,* 241 Va. 447, 449, 403 S.E.2d 334 (1991).

Virginia Supreme Court Rule 3:25 clearly states that, upon the motion of any party, the court shall establish a procedure to adjudicate the claim for attorney's fees in advance of trial. See Va. Sup. Ct. R. 3:25. The Virginia Supreme Court has reiterated this rule in its case *Lee v. Mulford,* 269 Va. 562, 611 S.E.2d 349 (2005). In this case, the Plaintiff "presented no evidence of attorney's fees." *Id.* at 564. The trial court instructed the jury to look at each of the provisions of a contract, including a promissory note where Plaintiff agreed to pay all expenses, which was defined to include attorney's fees. The jury returned a verdict specifying that each party was to pay for their own legal fees. After the verdict, Plaintiff asked the Court for a hearing regarding attorney's fees. The Court found that the Defendant had the right, pursuant to Va. Code § 8.01-336, to insist that the issue of attorney's fees be submitted to the jury. See *id.* at 567. The Court stated that, because there was no agreement to bifurcate the fact-finding process and because the Defendant has a right that the issue of attorney's fees be submitted to the jury, the Court upheld the trial court's decision to deny the Plaintiff's post-verdict motion for attorney's fees.

The present matter is similar to *Lee*. This case also involved a jury trial. Additionally, there was no agreement to bifurcate the issue of attorney's fees until after the verdict. Since Plaintiff had the right to insist that this issue be submitted to the jury and there was no agreement of the parties to reserve this matter for a post-trial proceeding, the Court finds that the Defendant is not entitled to bifurcate the issue of attorney's fees in a post-trial proceeding. As such, the Court will not address the issue of whether the attorney's fees should include unsuccessful claims nor will it address the reasonableness of the fees.

## B. *Motion for Attorney's Fees Pursuant to Va. Code § 8.01-271.1*

Under Virginia Code § 8.01-271.1, an attorney's signature on a filing certifies that he or she has read the filing and that, after reasonable inquiry, the filing is well grounded in fact and is supported by existing law or a good faith argument for the extension or modification of the existing law. See Va. Code § 8.01-271.1. If an attorney improperly certifies a filing, the Court may impose a sanction such as the award of attorney's fees. See *id.*

In determining whether a filing was improperly certified, the Court applies an objective standard. See *Taboada v. Daly Seven, Inc.*, 272 Va. 211, 215, 636 S.E.2d 889 (2006) ("In determining whether the petition for rehearing was interposed for an improper purpose, this Court must apply an objective standard of reasonableness."); see *Tullidge v. Board of Supervisors*, 239 Va. 611, 614, 391 S.E.2d 288 (1990) ("We agree with the trial court's application of an objective standard of 'reasonableness' in determining whether the 'warranted by existing law' portion of Code § 8.01-271.1 has been violated.").

After the Court's review of the case law, the present matter does not rise to the level to merit the award of sanctions. No reasonable inquiry would have disclosed that there was no rational basis to believe this suit was legally viable. To the contrary, this cause of action, at least in part, survived a demurrer and was tried by a jury. Simply because the jury did not enter judgment for the Plaintiff does not mean that the lawsuit was not well grounded in fact or supported by existing law.

### Conclusion

Defendant's motions for attorney's fees pursuant to Va. Sup. Ct. R. 3:25 and Va. Code § 8.01-271.1 are denied.