COURT OF APPEALS OF VIRGINIA

Present:    Judges Beales, Friedman and Callins
Argued by videoconference


NICKOLAS G. SPANOS

                                                              OPINION BY
v.       Record No. 0139-22-2                    JUDGE FRANK K. FRIEDMAN
                                                              MARCH 7, 2023
SHANNON L. TAYLOR


FROM THE CIRCUIT COURT OF LOUISA COUNTY
Timothy K. Sanner, Judge

Nickolas George Spanos, *pro se*.

Theodore I. Brenner (Freeborn & Peters LLP, on brief), for appellee.


Nickolas G. Spanos filed a legal ethics complaint against Shannon L. Taylor, the

Commonwealth's Attorney for Henrico County, in the Circuit Court of Louisa County.  The circuit

court sustained Taylor's amended demurrer and dismissed the complaint, ruling that the court

lacked jurisdiction to hear the complaint or to grant the relief sought.  Spanos challenges the circuit

court's judgment.  For the following reasons, we affirm.

BACKGROUND AND MATERIAL PROCEEDINGS BELOW

Spanos filed a complaint against Taylor seeking "to revoke the Defendant's license(s) [to]

practice law in the Commonwealth of Virginia, or discipline the Defendant[] consistent with the

laws of the Commonwealth of Virginia."  Spanos asserted that the circuit court had jurisdiction

under Code § 54.1-3915 to grant the relief he requested.  Taylor filed an amended demurrer arguing,

among other things, that the circuit court "ha[d] no jurisdiction to determine the matter raised in the

[c]omplaint or to grant the relief requested."

The circuit court heard argument; Spanos filed a written opposition but did not appear for the hearing. At the hearing, the court found the lack of jurisdiction and lack of available relief dispositive. The court ruled "that the [c]ourt has no jurisdiction whatsoever to entertain the relief sought in this case to, generally, revoke the attorneys' right to practice in the Commonwealth of Virginia or otherwise subject them to discipline." The circuit court entered a final order incorporating its bench ruling, sustaining the demurrer, and dismissing the complaint. This appeal followed.

ANALYSIS

In multiple assignments of error, Spanos presents three basic arguments: (1) that the circuit court's dismissal of his complaint violated Code § 54.1-3915 which Spanos claims requires that a circuit court discipline lawyers rather than the Bar; (2) that the Disciplinary Rules set out in the Rules of the Supreme Court give "mandatory jurisdiction to Virginia Courts" to address his attempt to revoke Taylor's license; and (3) that the circuit court's ruling dismissing his claim was arbitrary and capricious. Based on these alleged errors, Spanos concludes that the circuit court improperly determined that it lacked jurisdiction to address his claims. We will address each of Spanos' theories in turn.

I. The Circuit Court Correctly Ruled That it Lacked Jurisdiction to Determine the Matter Raised or to Grant the Relief Requested

The basic premise underpinning Spanos' claims is that "any person or entity has standing to file a Virginia legal ethics complaint within any court according to [Code] § 54.1-3915."[1] He

---

[1] Code § 54.1-3915 provides that

> the Supreme Court shall not promulgate rules or regulations prescribing a code of ethics governing the professional conduct of attorneys which are inconsistent with any statute; nor shall it promulgate any rule or regulation or method of procedure which eliminates the jurisdiction of the courts to deal with the discipline of attorneys. In no case shall an attorney who demands to be tried

argues that under Code § 54.1-3910, the Virginia State Bar "has no authority to prosecute or discipline attorneys"; rather, "only the courts (of record) are authorized to discipline attorneys." Continuing, he asserts that Code § 54.1-3910[2] requires the Bar to "act as an administrative agency of the Court" to investigate and report violations of rules and regulations adopted by the Court. He contends, however, that the Bar's power to investigate and report such violations excludes the power to adjudicate them. In *In re Moseley*, 273 Va. 688 (2007), Spanos continues, the Supreme Court acknowledged that "[l]icensure of an attorney, and revocation of that license, are matters governed by statute. It is not within the jurisdiction of a circuit court to adjudicate the revocation of a license to practice law except in compliance with the statutory authority." *Id.* at 695. He interprets *Moseley* to require the circuit court to adjudicate his ethics complaint under Code § 54.1-3915.

Spanos expressly disclaims, however, any reliance on Code § 54.1-3935, which provides for the adjudication of a legal ethics complaint by a three-judge court, after certain prerequisite conditions are met. Similarly, he acknowledges that the Virginia Rules of Professional Conduct do not confer a private right of action, but merely provide the metric for evaluating whether an attorney

---

by a court of competent jurisdiction for the violation of any rule or regulation adopted under this article be tried in any other manner.

[2] Code § 54.1-3910 provides:

The Supreme Court may promulgate rules and regulations organizing and governing the Virginia State Bar. The Virginia State Bar shall act as an administrative agency of the Court for the purpose of investigating and reporting violations of rules and regulations adopted by the Court under this article. All advisory opinions issued by the Virginia State Bar's Standing Committees on Legal Ethics, Lawyer Advertising and Solicitation, and Unauthorized Practice of Law shall be incorporated into the Code of Virginia pursuant to § 30-154. All persons engaged in the practice of law in the Commonwealth shall be active members in good standing of the Virginia State Bar.

has committed an ethical violation warranting discipline. He contends that the allegations in his complaint sufficiently stated a claim that Taylor violated those rules, so he concludes the complaint properly invoked the circuit court's jurisdiction to discipline her.

We are unpersuaded by Spanos' interpretation of the statutory framework governing attorney discipline. We agree with the circuit court's judgment that it lacked jurisdiction under that statutory framework to revoke Taylor's license to practice law in Virginia.

### A. Virginia's Statutory Scheme Does Not Provide a Mechanism Allowing Citizens to File Actions in Circuit Court Seeking to Disbar an Attorney

"Jurisdiction is the power to adjudicate a case upon the merits and dispose of it as justice may require." *Pure Presbyterian Church of Washington v. Grace of God Presbyterian Church*, 296 Va. 42, 49 (2018) (ellipsis omitted) (quoting *Shelton v. Sydnor*, 126 Va. 625, 629 (1920)). "In order for a court to have the authority to adjudicate a particular case upon the merits, to have what we have termed 'active jurisdiction,' several elements are needed." *Id.* (citation omitted) (quoting *Farant Inv. Corp. v. Francis*, 138 Va. 417, 427-28 (1924)). Foremost among these elements is subject-matter jurisdiction "which is the authority granted through constitution or statute to adjudicate a class of cases or controversies." *Id.* (quoting *Morrison v. Bestler*, 239 Va. 166, 169 (1990)). "[S]ubject-matter jurisdiction is the paramount consideration in assessing whether a court has authority to enter judgment, and a judgment will always be void without it." *Watson v. Commonwealth*, 297 Va. 347, 352 (2019). Subject-matter jurisdiction "can only be acquired by virtue of the Constitution or of some statute. Neither the consent of the parties, nor waiver, nor acquiescence can confer it." *Pure Presbyterian Church*, 296 Va. at 49 (quoting *Humphreys v. Commonwealth*, 186 Va. 765, 772 (1947)). Whether a court has subject-matter jurisdiction presents a question of law an appellate court considers *de novo*. *Knight v. Ottrix*, 69 Va. App. 519, 523 (2018); *accord Parrish v. Fed. Nat'l Mortg. Ass'n*, 292 Va. 44, 49 (2016).

- 4 -

### 1. Distinguishing Discipline Within a Specific Case or Court From Proceedings Involving Disbarment, Revocation, and Suspension

In *Moseley*, the Supreme Court discussed two separate forms of attorney discipline. First, any court may suspend or revoke an attorney's privilege to appear before *that* court. 273 Va. at 695-96, 698 n.10; *Ex Parte Fisher*, 33 Va. (6 Leigh) 619, 624-25 (1835). Each court's inherent power to discipline attorneys practicing before that court arises directly from the Constitution of Virginia: it is "derived from the separation of powers between the judiciary, as an independent branch of government, and the other branches." *Moseley*, 273 Va. at 697 (citing Va. Const. art. III, § 1; art. IV, § 1). Therefore, it "is not dependent on its creation by legislative enactment and thus cannot be limited by statute." *Id.* at 698. This authority of a court "to control those who practice before it," *id.* at 696, in a pending matter is not at issue in this case.[3]

The second form of attorney discipline involves inquiries into alleged misconduct which may affect the attorney's licensure to practice law. "A license to practice law covers the full panoply of actions an attorney can undertake from writing a will to representing a person in a controversy before a court." *Id.* at 695. Licensure, and suspension or revocation of a license to

---

[3] Spanos' complaint asked the circuit court not only to revoke Taylor's license to practice law in Virginia but also to "discipline [her] consistent with the laws of the Commonwealth of Virginia." There is, however, no allegation that the Commonwealth's Attorney for Henrico County has active cases or is practicing in the Circuit Court of Louisa County. Moreover, Spanos has not asserted on appeal that the circuit court erred by failing to exercise its discretion to limit or revoke her privilege to appear before *that* court. Therefore we do not consider that question on appeal. *See Moseley*, 273 Va. at 698 n.9 (declining to review whether a court properly revoked an attorney's privilege to appear before it because the appellant did not challenge the court's exercise of discretion); *see also Blankenship v. Commonwealth*, 71 Va. App. 608, 623 n.2 (2020) (holding that an "issue is waived" when "a party fail[ed] to develop an argument" on brief regarding the issue). Generally, the violations for which a court imposes discipline under its inherent authority occur within the context of a proceeding pending, or conduct arising, in that court. *See Moseley*, 273 Va. at 690-92 (describing the actions of the attorney in the pending proceeding); *Nusbaum v. Berlin*, 273 Va. 385, 391-94 (2007) (recounting that an attorney had "shove[d]" opposing counsel during a bench conference but in the presence of the jury).

practice law, "are matters governed by statute." *Id.*; *see* Code §§ 54.1-3900 to -3944.[4] Therefore, we must examine the statutory framework applicable to Spanos' complaint. In doing so, "it is our duty to interpret the several parts of a statute as a consistent and harmonious whole so as to effectuate the legislative goal." *Bd. of Supervisors of Fairfax Cnty. v. Cohn*, 296 Va. 465, 473 (2018) (quoting *Cuccinelli v. Rector & Visitors of the Univ. of Va.*, 283 Va. 420, 425 (2012)). We also consider "statutes related to the same subject matter" in order "to 'make the body of the laws harmonious and just in their operation.'" *Id.* (quoting *Lucy v. County of Albemarle*, 258 Va. 118, 130 (1999)).

2. Virginia's Statutory Scheme Regarding Attorney Discipline.

Under the controlling statutes, the Supreme Court of Virginia has express authority to "[p]rescrib[e] a code of ethics governing the professional conduct of attorneys," to "[d]efin[e] the practice of law," and to "[p]rescribe[e] procedures for disciplining, suspending, and disbarring attorneys." Code § 54.1-3909. Consistent with this charge, the Supreme Court has adopted detailed guidelines and procedures for disciplinary proceedings involving attorneys. *See* Va. Sup. Ct. R. Part 6, § IV, ¶ 13. This framework has been aptly summarized as follows:

> Disciplinary cases begin when the Virginia State Bar, an agency of the Supreme Court of Virginia, receives a "complaint." *Id*. para. 13-1. After the Bar's staff "determines that the conduct questioned or alleged [presents] an issue under the Disciplinary Rules," it investigates the complaint, which proceeds through several preliminary reviews by Bar committees. *Id.* paras. 13-10 to 13-15. If appropriate, the Bar eventually issues a "charge of misconduct," which proceeds to a hearing. *Id.* para. 13-16. If the case involves possible suspension or revocation of the respondent's license to practice, the hearing occurs either before the Bar's Disciplinary Board or, at the option of the charged attorney, before a

---

[4] As the Supreme court explained in *Moseley*, 273 Va. at 696, "the local circuit courts had jurisdiction in the 19th century both to issue a license to practice law and control the actual practice before that court." However, circuit courts were divested of this licensing power upon introduction of "the intervening statutory regimen ceding licensure to the Virginia State Bar." *Id.* As *Moseley* makes clear, this loss of licensing authority "has no effect on the continuing authority of a court to regulate the privilege of practicing before that court." *Id.*

three-judge circuit court. *Id.* para. 13-18; Va. Code Ann. § 54.1-3935 (2017). If the charges are proved, the Bar or the three-judge court can suspend or revoke the respondent's license. *Id.*

*Spanos v. Vick*, 576 F. Supp. 3d 361, 367 (E.D. Va. 2021).

Code § 54.1-3935 governs who—what body—will decide whether an attorney's misconduct justifies disbarment. Code § 54.1-3935(A)[5] permits either "[a]ny *attorney* who is the subject of a disciplinary proceeding *or* the Virginia State Bar . . . to terminate the proceeding before the Bar Disciplinary Board or a district committee and demand that further proceedings be conducted by a three-judge circuit court." (Emphases added). When such a three-judge court is demanded, *the Bar* "shall file a complaint in a circuit court where venue is proper," whereupon the chief judge of that court issues the rule to show cause. *Id.* The rule to show cause is then heard by a three-judge court designated by the Chief Justice and prosecuted by Bar Counsel or special counsel appointed under Code § 2.2-510. Code § 54.1-3935(A), (B). Virginia law does not authorize the revocation or

---

[5] Code § 54.1-3935(A) states:

> Any attorney who is the subject of a disciplinary proceeding or the Virginia State Bar may elect to terminate the proceeding before the Bar Disciplinary Board or a district committee and demand that further proceedings be conducted by a three-judge circuit court. Such demand shall be made in accordance with the rules and procedures set forth in Part Six, Section IV, Paragraph 13 of the Rules of Supreme Court of Virginia. Upon receipt of a demand for a three-judge circuit court, the Virginia State Bar shall file a complaint in a circuit court where venue is proper and the chief judge of the circuit court shall issue a rule against the attorney to show cause why the attorney shall not be disciplined. At the time the rule is issued by the circuit court, the court shall certify the fact of such issuance and the time and place of the hearing thereon to the Chief Justice of the Supreme Court, who shall designate the three-judge circuit court, which shall consist of three circuit court judges of circuits other than the circuit in which the case is pending, to hear and decide the case. The rules and procedures set forth in Part Six, Section IV, Paragraph 13 of the Rules of Supreme Court of Virginia shall govern any attorney disciplinary proceeding before a three-judge circuit court.

disbarment proceedings Spanos seeks to pursue in any other form. Nor does it provide for individual citizens to prosecute disbarment or disciplinary proceedings against attorneys in circuit courts.[6]

      B.    Spanos Erroneously Reads Virginia's Statutory Scheme to Permit Any Citizen to File and Prosecute Attorney Disbarment Proceedings in a Circuit Court

Spanos insists that Code § 54.1-3915, not Code § 54.1-3935, confers subject-matter jurisdiction to the circuit court to adjudicate his complaint. Spanos fundamentally misapprehends the purpose and function of Code § 54.1-3915 (*supra* at 2-3, n.1); the statute does not authorize anyone to file an ethics complaint or empower any court to consider one. Rather, Code § 54.1-3915 limits the Supreme Court's rule-making authority. That statute requires that the Supreme Court's rules, regulations, and modes of procedure governing legal ethics be consistent with the governing statutes.

In providing that Supreme Court Rules cannot be "inconsistent with any statute," Code § 54.1-3915 provides checks and balances against rules which ignore or seek to override statutory provisions. The rules which Spanos challenges, however, are wholly consistent with the statutory framework.[7] Under these rules any attorney who prefers court adjudication over Bar review of his discipline is free to select it. Part 6, Section IV, Paragraphs 13-16(B)(2) and 13-18(A)(2) of the Rules of the Supreme Court permit an attorney to file a demand for a three-judge panel court in a

---

[6] Under prior law, "any person" could file a verified complaint in the Supreme Court or a circuit court alleging that an "attorney has been convicted of a misdemeanor involving moral turpitude or a felony or has violated the Virginia Code of Professional Responsibility." Former Code § 54.1-3935(A) (Repl. Vol. 2013). In 2017, however, the General Assembly amended Code § 54.1-3935 and replaced the earlier statutory framework. 2017 Va. Acts chs. 40, 91. As will be discussed, *infra*, this statutory change removed any reference to allowing "any person" to file such a complaint in circuit court.

[7] Under rules of construction, a statute prevails over a contrary rule in any event. *See Helms v. Manspile*, 277 Va. 1, 7 (2009); Va. Const. art. VI, § 5.

proceeding before a district committee or the Bar Disciplinary Board, respectively. These provisions are not "inconsistent with any statute," nor do they "eliminate[] the jurisdiction of the courts to deal with the discipline of attorneys." Code § 54.1-3915.[8] Instead, the provisions effectuate and preserve the right to a judicial adjudication of legal ethics complaints as Code § 54.1-3935(A) requires.

Similarly, there is no merit to Spanos' attempts to construe Code § 54.1-3915 to confer a personal right on an individual to file an ethics complaint in a circuit court, rather than with the Bar. The statute signals the right to a judicial adjudication only with respect to "*an attorney* who demands to be tried by a court," not to a complainant. Code § 54.1-3915 (emphasis added). Furthermore, the attorney demanding to be tried by a court must be *the* attorney who is subject to the Bar disciplinary proceedings initiated under Code § 54.1-3935(A). Any citizen, of course, may initiate a legal ethics complaint by alleging, in writing, that an attorney has committed misconduct and filing that complaint with the Bar. *See* Va. Sup. Ct. R. Part 6, § IV, ¶ 13-1[9]

      C. The Legislative History of the Commonwealth's Statutory Scheme Further Rebuts Spanos' Construction of the Law

As noted above, in the not-so-distant past, Virginia statutes did allow for individuals to file complaints against lawyers in a circuit court, in a limited form. However, the General Assembly specifically repealed this statutory language, further undercutting Spanos' claims here.

---

[8] Code § 54.1-3935 is the only statute authorizing a court to adjudicate an ethics complaint involving licensure. Spanos has disclaimed any reliance on that statute and, in any event, under the express language of Code § 54.1-3935(A), a court's jurisdiction is initiated only upon the filing of a complaint *by the Bar*. This matter, again, does not involve a court's inherent authority to regulate attorneys who are practicing before that specific court. *Moseley*, 273 Va. at 696.

[9] Virginia law also establishes that attorney disciplinary rules do not provide a basis for a private cause of action, with respect to a recovery for damages. *See Carter v. Williams*, 246 Va. 53, 60 (1993) (citing *Ayyildiz v. Kidd*, 220 Va. 1080, 1085 (1980)). *See also In re Palumbo Family Ltd. P'ship*, 182 B.R. 447, 469-70 (Bankr. E.D. Va. 1995) ("[T]he ethical considerations contained in the Virginia Code of Professional Responsibility are merely aspirational and, as such, they fail to supply a cause of action to private litigants.").

Prior to July 1, 2017, Code § 54.1-3935 permitted "any person" to file a verified complaint in the Supreme Court or a circuit court alleging that an "attorney has been convicted of a misdemeanor involving moral turpitude or a felony or has violated the Virginia Code of Professional Responsibility." Former Code § 54.1-3935(A) (Repl. Vol. 2013). The statute, in early 2017, provided that a circuit court that received such a verified complaint was authorized only to "assign the matter to the Virginia State Bar for investigation." *Id.* The court was not empowered to open its own investigation, as Spanos urged the circuit court to do here.[10]

In 2017, however, the General Assembly amended Code § 54.1-3935 and replaced the earlier statutory framework with its current version. 2017 Va. Acts chs. 40, 91. (*See* current version, *supra* n.5.) After July 1, 2017, Code § 54.1-3935(A) provides that "*[a]ny attorney who is the subject of a disciplinary proceeding or the Virginia State Bar* may elect to terminate the proceeding before the Bar Disciplinary Board or a district committee and demand that further proceedings be conducted by a three-judge circuit court." (Emphasis added.) Simply put, Code § 54.1-3935 no longer provides for the filing of a complaint by anyone other than the Bar or an "attorney who is the subject of a disciplinary proceeding." The prior language recognizing a complaint made by "any person" was removed from the statutory language.[11] The revised statute

---

[10] Unless the verified complaint was filed by a district committee of the Bar, the court in which the verified complaint was filed was authorized to issue a rule to show cause against the attorney only "[u]pon receipt of the report of" the Bar. Former Code § 54.1-3935(A) (Repl. Vol. 2013). The rule to show cause was then to be heard by a three-judge court designated by the Chief Justice and prosecuted by Bar Counsel or a special counsel appointed under Code § 2.2-510. Former Code § 54.1-3935(B), (C) (Repl. Vol. 2013). Earlier versions of this statute did permit circuit court judges who received a complaint to issue a rule to show cause and to hear the disciplinary matter along with two additional designated judges. *See, e.g.,* 1964 Virginia laws Ch. 201 (H.B. 25).

[11] 2017 Virginia laws Ch. 91 (S.B. 874) specifically removed the following language from then-existing Code § 54.1-3935:

A. If the Supreme Court, the Court of Appeals, or any circuit court of this Commonwealth observes, or if a complaint, verified by

- 10 -

also expressly sets forth that the "rules and procedures set forth in Part Six, Section IV, Paragraph 13 of the Rules of Supreme Court of Virginia shall govern any attorney disciplinary proceeding before a three-judge circuit court." *Id.*

Here, the General Assembly's actions flatly rebut Spanos' claims that Code § 54.1-3915 was meant to guarantee citizen filings in circuit courts and that this statute somehow overrides the rest of the statutory scheme as well as the Commonwealth's extensive disciplinary rules. Code § 54.1-3915, upon which Spanos rests his argument, has remained unchanged since 1988. The General Assembly's 2017 revision to Code § 54.1-3935 reveals that the legislature plainly did not intend, as Spanos argues, that only circuit courts can hear disciplinary and disbarment matters.[12] Under Virginia law, citizens are not empowered to prosecute disbarment proceedings in circuit courts. "Citizens only have the power to make a complaint to the bar, which then prosecutes the matter." *Vick*, 576 F. Supp. 3d at 368.

* * *

---

affidavit is made by any person to such court, that any attorney has been convicted of a misdemeanor involving moral turpitude or a felony or has violated the Virginia Code of Professional Responsibility, the court may assign the matter to the Virginia State Bar for investigation. Upon receipt of the report of the Virginia State Bar, the court may issue a rule against such attorney to show cause why his license to practice law shall not be revoked. If the complaint, verified by affidavit, is made by a district committee of the Virginia State Bar, the court shall issue a rule against the attorney to show cause why his license to practice law shall not be revoked.

[12] The General Assembly is presumed to be aware of case law and judicial interpretation of existing statutes. *See Townes v. Va. State Board of Elections*, 299 Va. 34, 49 (2020); *Waterman v. Halverson*, 261 Va. 203, 207 (2001). Further, "[w]hen a statute or a group of statutes has been revised, and the General Assembly has omitted provisions formerly enacted, the parts omitted may not be revived by construction, but must be considered as annulled." *Cummings v. Fulghum*, 261 Va. 73, 79 (2001).

- 11 -

The Commonwealth's statutory scheme does not grant the Circuit Court of Louisa County the power to disbar attorneys—and the court lacked authority to grant Spanos the relief he desires. Accordingly, the circuit court did not err by ruling that it lacked jurisdiction to revoke Taylor's license to practice law. The court has only such subject-matter jurisdiction as is conferred by the Constitution or by statute. *See Pure Presbyterian Church*, 296 Va. at 49. Despite Spanos' assertions to the contrary, Code § 54.1-3915 does not confer jurisdiction, and the circuit court was without authority to redress Spanos' claims. *See also Vick*, 576 F. Supp. 3d at 367 (absence of redressability renders claimant without standing).

II. The Circuit Court's Ruling Does Not Violate the Rules of the Supreme Court of Virginia and Those Rules Do Not Provide Mandatory Jurisdiction to Circuit Courts to Disbar Attorneys

Spanos next argues that the circuit court's ruling violated Part 6, Section IV, Paragraph 13-2 of the Rules of the Supreme Court. This rule states:

> 13-2. AUTHORITY OF THE COURTS
>
> Nothing in this Paragraph shall be interpreted so as to eliminate, restrict or impair the jurisdiction of the courts of this Commonwealth to deal with the disciplining of Attorneys as provided by law. Every Judge shall have authority to take such action as may be necessary or appropriate to protect the interests of clients of any Attorney whose License is subject to a Suspension or Revocation. Every Circuit Court shall have power to enforce any order, summons or subpoena issued by the Board, a District Committee or Bar Counsel and to adjudge disobedience thereof as contempt.

Spanos' reliance on this rule, in essence, is a reprise of his statutory logic. On appeal, he contends that the rule gives "mandatory jurisdiction to Virginia Courts" to address citizens' ethics claims against lawyers. He suggests that by allowing courts to deal with disciplining attorneys "as provided by law," Part 6, Section IV, Paragraph 13-2 of the Rules of the Supreme Court revives his argument that Code § 54.1-3915 grants circuit courts jurisdiction to adjudicate claims regarding

disbarment. His reasoning with respect to the statutory scheme, however, has already been addressed and rejected.

Moreover, we need not analyze this argument in detail as it was not preserved below. "No ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable this Court to attain the ends of justice." Rule 5A:18. Spanos has not invoked either exception to Rule 5A:18, and we do not consider them *sua sponte*. *Edwards v. Commonwealth*, 41 Va. App. 752, 761 (2003) (*en banc*).

Suffice it to say, Virginia courts retain the power to discipline attorneys practicing before them. *Moseley*, 273 Va. at 695-96; *Nusbaum v. Berlin*, 273 Va. 385, 391-93 (2007); *Taboada v. Daly Seven, Inc.*, 272 Va. 211 (2006). The Commonwealth's courts also have the power to enforce any orders, summons, or subpoena issued in the disciplinary process. *See* Va. Sup. Ct. R. Part 6, § IV, ¶ 13-2. The Disciplinary Rules set out the detailed procedures for invoking a three-judge panel to preside over a disciplinary hearing involving an attorney. *See* Va. Sup. Ct. R. Part 6, § IV, ¶¶ 13-16, 13-18. The Rules simply do not provide any authority or jurisdiction for a circuit court to entertain a disciplinary action filed by a citizen for the purpose of revoking an attorney's license.

III. The Circuit Court's Ruling Was Not Arbitrary or Capricious

Spanos' final attack on the circuit court's ruling is a claim that the decision was arbitrary and capricious. Spanos alleges that the circuit court previously exercised jurisdiction over a separate ethics complaint he filed against a circuit judge for the Fourteenth Judicial Circuit, so it should have exercised jurisdiction over his complaint in this case. According to Spanos, the circuit court dismissed his ethics complaint against a judge on a plea of judicial immunity, not for lack of jurisdiction. Spanos contends that the court's disparate treatment of the two complaints shows its jurisdictional ruling in this case was arbitrary and capricious. We again disagree.

The judicial ethics case Spanos references is not before us in this appeal—but Spanos did file portions of that record in this case. It is clear from these documents that Taylor was not a party to those proceedings and that the issue of jurisdiction simply was not raised. Spanos' argument implies that the Circuit Court of Louisa County was somehow estopped to deny that it had subject-matter jurisdiction to hear his complaint against Taylor after addressing judicial immunity in his other citizen's "ethics" case against a judge. Subject-matter jurisdiction, however, cannot be conferred by estoppel.

The existence of subject-matter jurisdiction cannot be waived or conferred on the court by agreement of the parties. *Morrison*, 239 Va. at 169-70. Moreover, the "lack of subject matter jurisdiction can be raised at any time in the proceedings, even for the first time on appeal by the court *sua sponte*." *Id.* at 170; *Thacker v. Hubard & Appleby*, 122 Va. 379, 386 (1918) ("Objection for want of jurisdiction of the subject-matter may be taken by demurrer, *or motion, or in any way by which the subject may be brought to the attention of the court*, and, if not brought to the attention of the trial court, it may be taken notice of by the appellate court . . . for the first time." (emphasis added)); *Lucas v. Biller*, 204 Va. 309, 313-14 (1963).

The circuit court correctly concluded that it lacked subject-matter jurisdiction in this case, and its ruling to that effect was neither arbitrary nor capricious. *See School Bd. of Norfolk v. Wescott*, 254 Va. 218, 224 (1997) (arbitrary and capricious connotes "willful and unreasonable" actions and decisions made without consideration or in disregard of facts or law or without a determining principle). Spanos' attempt to establish jurisdiction by estoppel was properly denied.

- 14 -

CONCLUSION

For the foregoing reasons, we affirm the circuit court's judgment.

*Affirmed.*